Adolph L. SVOBODA et ux., Appellants,

v.

The STATE of Texas et al., Appellees.

No. 1420.

Court of Civil Appeals of Texas, Tyler.

Jan. 29, 1981.

Danny M. Womack, Austin, for appellants.

Gary M. Reynolds, Smithville, William C. Hunter, Asst. Atty. Gen., Austin, for appellees.

McKAY, Justice.

This is an appeal from the denial of a bill of review in the 21st District Court of Bastrop County.

Appellants Mr. and Mrs. Svoboda (condemnees) owned a lot where they resided in Smithville, Texas. The State of Texas and the City of Smithville sought to condemn a part of the lot, a .005 acre tract adjoining a proposed loop to be constructed around Smithville. Representatives of the appellees (condemnors) contacted appellants several times concerning the value of the property in question, and an offer of $100 was made to the Svobodas by the condemnors. There is no evidence that any counteroffer was ever made by the condemnees. The offer of $100 was rejected by the Svobodas, and after suit was filed, a hearing was held on April 4, 1979, before the Special Commissioners (first hearing), after which appellants were awarded $100, but were taxed with costs in the amount of $360. Appellants did not appear at this hearing, although they did receive proper notice in accordance with Tex.Rev.Civ.Stat.Ann. Art. 3264. A copy of the award was sent to appellants on April 13, 1979.

No objection to the award was filed by either party within the time required by Tex.Rev.Civ.Stat.Ann. Art. 3266, Sec. 6, and the award became final on April 30, 1979. Under Section 7 of the same article, the court could have made the award of $100 its final judgment. However, appellants were offended at the notion of having to pay $260 to have their land condemned, and at their request the trial judge held a "special equitable hearing" on May 4, 1979, to reconsider the assessment of costs (second hearing). Mr. Svoboda and his attorney were both present at the second hearing. Apparently no complaint as to the amount of the original award was made at that time. On May 7, 1979, judgment was entered for $101, which action had the effect of shifting costs to the condemnors.

Appellants filed a petition for bill of review on August 8, 1979, to reverse the judgment on the grounds that condemnors failed to negotiate in good faith and that the award was inadequate. The root of appellants' complaint is that agents of the condemnors concealed the fact that condemnation would result in diminution in the value of their property and that condemnors made no good faith effort to negotiate with appellants on compensation for damages to the remaining property. Consequently, appellants contend the judgment of the court was not properly invoked, and the proceedings were void and of no effect.

The trial court held that the appellants had failed to satisfy the requirements necessary to sustain a bill of review and that they take nothing by their suit. In its findings of fact and conclusions of law, the trial court found that the judgment of $101 represents the only amount due appellants. We affirm the judgment of the trial court.

When no timely objection is made to the award of the commissioners in an

eminent domain case, and the court enters judgment based on that award, there is no right of appeal, even if the judgment materially differs from the award. *Rose v. State*, 497 S.W.2d 444, 445 (Tex.1973); *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 939 (1958). However, "(q)uestions pertaining to irregularities which might render the award or judgment void can be determined in such a (mandamus) proceeding as well as in a direct attack to set aside the judgment." *Pearson*, supra.

■ This bill of review is then a proper vehicle for reviewing whether the court below had jurisdiction to enter judgment. A bill can lie only if the three famous requisites set out in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950) are met; the litigant must allege and prove:

"1) A meritorious defense to the cause of action alleged to support the judgment,

2) which he has been prevented from making by the fraud, accident, or wrongful act of the opposite party,

3) unmixed with any fault of his own."

While the defenses of failure to negotiate in good faith and inadequacy of the award may have been meritorious if raised by objection to the award within the statutory time limit, there is no evidence that appellants were prevented from making the defenses by fraud, accident or wrongful act of the opposite party. The evidence shows that the condemnees were given numerous opportunities to present an alternative evaluation of their property to agents for the condemnors. Likewise, appellants were given proper notice of the first hearing to determine the award, and they chose not to appear and argue their cause. Art. 3266, Sec. 6 gave the Svobodas 20 more days to file an objection to the suit in writing; there is no evidence that any such objection was properly filed with the judge.

Appellants neglected their right to contest the award until they finally hired an attorney prior to the second hearing on the assessment of costs. Mr. Svoboda testified in the bill of review hearing that even at the time of the second hearing, he made no allegations as to impropriety of the award itself. No attack on the amount of the award was launched until the petition was filed in the bill of review hearing.

■ In their first point of error, appellants aver that the trial judge erred in upholding the judgment of May 7, 1979, because it was void on its face since the judgment of $101 did not conform to the award of $100 set by the commissioners. The Texas Supreme Court has prescribed the remedies available to condemnees when the ministerial judgment of the court does not conform to the award. In *Rose v. State*, supra, there was a discrepancy between the judgment and the award as to the tracts of land which were involved in the condemnation proceedings. The court held that a bill of review could be used "*to* *correct* the ministerial judgment of the county court." (Emphasis added). Also, in *Pearson v. State*, supra, it was held that a party in an eminent domain case who fails to object to the award may bring a mandamus proceeding or wage a direct attack on the judgment "to compel the entry of a judgment in accordance with the award." See also *Lemmon v. Giles*, 342 S.W.2d 56, 59 (Tex.Civ.App.—Dallas 1961, writ dism'd.). The only available remedy in this situation is therefore not to reverse and remand the case for a new trial, but rather to order a correction of the judgment through either mandamus or a direct attack to make the judgment conform to the award. We cannot grant this relief, however, since neither party has pursued it.

Even if appellants were to seek a correction of the judgment, principles of estoppel might work to prevent them from complaining of the court's action. In *Spence v. State National Bank of El Paso*, 5 S.W.2d 754, 756 (Tex.Comm'n App.1928) it was held that

"the regularity or *even validity* of an act procured by one himself cannot be raised—not that the act is valid, for it may not be, and estoppel does not make valid the thing complained of, but merely closes the mouth of the complainant." (Emphasis added).

Accord, *Texas Dept. of Public Safety v. Canon,* 547 S.W.2d 302, 305 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.).

In answer to appellants' second point, it need only be repeated that there is no evidence that any written objection was ever made to the award as required by Art. 3266.

■ Appellants next allege that an "official mistake" of the district clerk following entry of the May 7th judgment deprived them of an opportunity to request a new trial. They contend that the clerk failed to notify them promptly of the rendition of that judgment and claim such was a violation of Tex.R.Civ.P. 306d. This rule states in part that "(i)mmediately upon the signing of any final judgment or *other appealable order,* the clerk of the court shall mail a postcard notice thereof to each party." (Emphasis added). It also provides that "failure to comply with the provisions of the rule shall not affect the finality of the judgment or order." It is our interpretation of this rule that it applies only to *appealable* judgments in a civil suit and not to a judgment such as the one now before us which is ministerial in nature and nonappealable. See *Pearson v. State,* supra. The eminent domain statutes do not require that notice be given the condemnee once an award is adopted by the court as its judgment. Tex.Civ.Stat.Ann. Art. 3266, Sec. 7. We therefore reject this ground of appeal and all related points.

■ Appellants' fifth point states that the trial judge failed to conduct the hearing below in the manner prescribed by law in that he failed to allow appellants to present their meritorious defenses for jury review and determination. In the first place, there is nothing in the record before us to indicate that appellants ever requested a jury trial. The point is rendered irrelevant, however, since appellants have failed to prove their own diligence and that appellees prevented them from raising their defenses. Even though a meritorious defense has been established,

> "(t)he complainant must open and assume the burden of proving that the judgment was rendered as a result of the fraud,

accident or wrongful act of the opposite party or official mistake unmixed with any negligence of his own."

*Baker v. Goldsmith,* 582 S.W.2d 404, 409 (Tex.1979).

■ Appellants next contend that the trial court should have granted them a new trial because there was no proof in the record that the county court had jurisdiction to condemn their property. They claim that the failure to make a statement of facts prejudiced their right to attack jurisdiction on appeal. We again emphasize that appellants lost any right to an appeal when they did not file a timely objection to the award. *Pearson v. State,* supra. The only task before this court in the present action is to determine whether the lower court properly denied the bill of review. The evidence reveals a lack of diligence on the part of appellants to raise this point at the proper time. If such had been an effective attack on the judgment, appellants did not see fit to file an objection to the award or even to raise the matter at the equitable second hearing. Their lack of diligence in objecting to this matter precludes us from granting a bill of review thereon.

■ As to appellants' final points, we find no evidence that appellants were not afforded due process of law under state or federal law. Appellants were given ample opportunities to present their opinion as to the value of their property in negotiations prior to the hearing; they did not do so. They were given lawful notice of the hearing before the commissioners and chose not to attend, through no fault of the condemnors. The law further allowed 20 more days in which to file an objection to the award, which appellants did not do. Appellants were then given yet another hearing at which they did appear; no objections were made to the award at that time, except as to assessment of costs.

Since appellants have failed to show that the necessary elements exist for a bill of review, we affirm the decision of the trial court in denying the same.