Alice MUSQUIZ, Appellant,

v.

HARRIS COUNTY FLOOD CONTROL DISTRICT, Appellee.

No. 01–99–01295–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 28, 2000.

Rehearing Overruled Dec. 4, 2000.

Bruce D. Mosier, Houston, for Appellant.

Sandra D. Hachem, Houston, for Appellee.

Panel consists of Justices HEDGES, NUCHIA, and EVANS.[*]

## OPINION ON REHEARING

ADELE HEDGES, Justice.

We deny the motions for rehearing and for en banc consideration filed by the Harris County Flood Control District (the District). Our opinion of July 20, 2000, is withdrawn and the following is substituted in its place. Our judgment of July 20, 2000, remains unchanged.

[*] The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Alice Musquiz files a restricted appeal from the trial court's judgment reinstating the special commissioners' award in a condemnation proceeding. We vacate that judgment and hold that a prior order dismissing the cause of action for want of prosecution was the final judgment in this case.

## Background

On February 13, 1996, the District filed a petition in condemnation against Musquiz and other landowners to condemn certain real property for a flood control project. The county court judge appointed three special commissioners to assess damages in accordance with TEX. PROP.CODE ANN. § 21.014(a) (Vernon 1984). On December 16, 1996, the special commissioners held a hearing. Counsel for the District and the landowners appeared at the hearing, and the special commissioners awarded landowners $62,986.

On December 31, 1996, Musquiz filed objections to the commissioners' award, in accordance with TEX. PROP.CODE ANN. § 21.018(a) (Vernon 1984), but she did not serve a citation or other notice on the District, as required by TEX. PROP.CODE ANN. § 21.018(b) (Vernon 1984). About ten months later, Musquiz filed amended objections to the commissioners' award and included a prayer for service of citation.

No action was taken in the case for about one year. Consequently, on November 20, 1998, the trial court sent the parties a notice of intent to dismiss the case for want of prosecution. Because the parties did not appear at the status conference on March 23, 1999, the trial court signed an order that dismissed the District's cause of action for want of prosecution. Musquiz contends that this March dismissal order was the final judgment in the case. The District did not file any postjudgment motions to present the issue to the trial court. On appeal, the District disputes that the dismissal order was the final judgment.

On May 6, 1999, 44 days later, the trial court signed a judgment granting the District a perpetual easement across the property and reinstating the special commissioners' award as just compensation to Musquiz. The May judgment further stated that "on March 23, 1999, the Court dismissed [Musquiz's] objections for want of prosecution." Notably, this language is inconsistent with the March dismissal order, which instead dismissed the District's "cause of action" for want of prosecution.

In her sole point of error, Musquiz contends that the trial court did not have plenary power to sign the May judgment because it had already dismissed the "cause of action" for want of prosecution 44 days earlier on March 23, 1999. Musquiz seeks to set aside the May judgment and reinstate the March dismissal order.

## Eminent Domain Proceedings

We begin our analysis by briefly summarizing the condemnation procedures set forth in the Property Code. When settlement terms cannot be reached between a condemnor and a landowner, the condemnor must file a statement in condemnation in the proper court of the county in which the land is located. TEX. PROP.CODE ANN. §§ 21.001, .012, .013 (Vernon 1984 & Supp. 2000). After the statement is filed, the trial court appoints three special commissioners who conduct hearings, assess the damages, and file awards reflecting their opinion of the value of the land. TEX. PROP.CODE ANN. §§ 21.014–.016 (Vernon 1984). If satisfied with the special commissioners' award, the condemnor may either pay the amount to the landowner or deposit the amount into the registry of the court. TEX. PROP.CODE ANN. § 21.021(a)(1) (Vernon 1984).

■ Any party who is dissatisfied with the special commissioners' award is allowed a certain amount of time within which to file objections. TEX. PROP.CODE ANN. § 21.018(a). Upon filing the objections, the special commissioners' award is

vacated and the administrative proceeding converts into a normal pending cause with the condemnor as plaintiff for the purpose of proving its right to condemn, and the landowner as defendant. *See* TEX. PROP. CODE ANN. § 21.018(b); *Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex.1962).

 If no objections are timely filed, the court is required, as a matter of ministerial duty, to render judgment "on the award." *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 938 (1958). Such a judgment is not appealable. *Id.* If the landowner timely files objections to the special commissioners' award, the landowner must secure service of citation on the condemnor within a reasonable period of time. *See* TEX. PROP.CODE ANN. § 21.018(b). Otherwise, the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award as the proper compensation. *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex.1984). In contrast, if the landowner secures service of citation, the special commissioners' award cannot be reinstated. *Id.*

 In the eminent domain context, it is important to note the difference between dismissing the landowner's objection to the special commissioners' award for want of prosecution and dismissing the condemnor's cause of action for want of prosecution. *See, e.g., State v. Ellison*, 788 S.W.2d 868 (Tex.App.—Houston [1st Dist.] 1990, writ denied) (using these terms interchangeably). When the landowner does not secure service on the condemnor within a reasonable period of time, the trial court should consider the objection abandoned and dismiss the "objection" for want of prosecution. *Id.* Once the objection is dismissed, the trial court should reinstate the special commissioners' award as the proper compensation. *Id.*

 In contrast, the entire "cause of action" is dismissed for want of prosecution when the landowner perfects service of citation on the condemnor, but the condemnor does not satisfy its burden of going forward to trial. *Amason*, 682 S.W.2d at 241. For example, in the *Amason* case, the landowner timely objected to the special commissioners' award and then obtained a waiver of citation from the condemnor. *Id.* Neither party took any further action for nearly a year. *Id.* The Texas Supreme Court held that the entire case should have been dismissed for want of prosecution—without reinstating the special commissioners' award. *Id.* at 243. Ultimately, then, the filing of objections coupled with service of citation prevents reinstatement of the special commissioners' award. *State v. Carlton*, 901 S.W.2d 736, 738 (Tex.App.—Austin 1995, no writ).

## Improper Reinstatement of Award

 Musquiz contends that the trial court did not have plenary power to sign the judgment on May 6, 1999 because it had already dismissed the cause of action for want of prosecution 44 days earlier on March 23, 1999. We agree.

According to Musquiz, the final judgment in this case was the March order dismissing the District's cause of action for want of prosecution. In contrast, the District asserts that the final judgment was the May judgment reinstating the special commissioners' award. The District argues that Musquiz did not perfect service of process for her objections to the special commissioners' award; therefore, the May judgment properly dismissed Musquiz's "objections" for want of prosecution and reinstated the commissioners' award. *See Amason*, 682 S.W.2d at 242. On appeal, the District contends that service was not perfected because the person who prepared the return of service, Steve Klawinsky, was not authorized to perform service.

 If the District's argument regarding service of process is correct, which we need not address, the District should have

presented the complaint to the trial court.[1] It did not do so. Nor did the District appeal the dismissal order. Without a postjudgment motion, the trial court had plenary power for 30 days after the dismissal order. *See* Tex.R. Civ. P. 329b(d).

On May 6, 1999, 44 days later—after the trial court's plenary power had expired—the trial court signed a judgment granting the District a perpetual easement across the property and reinstating the special commissioners' award as just compensation to Musquiz. Because the trial court did not have plenary power to sign the May judgment reinstating the special commissioners' award, we hold that the March 23, 1999 order dismissing the cause of action for want of prosecution was the final judgment. Accordingly, the May 6, 1999 judgment was void and must be set aside.

We sustain the sole point of error.

### Conclusion

We hold that the March 23, 1999 order dismissing the cause of action for want of prosecution was the final judgment in this case, and we vacate the May 6, 1999 judgment of the trial court reinstating the special commissioners' award.

---

1. Our holding does not conflict with the proposition that a "defective service" complaint is fundamental error and may be raised for the first time on appeal. *See Nueces Housing v. M & M Resources,* 806 S.W.2d 948, 950–51 (Tex.App.—Corpus Christi 1991, writ denied). The present case is distinguishable because it involves service of objections to a commissions' award, not service of a petition. The District in this case made an appearance and does not dispute personal jurisdiction.