# In re ENERGY TRANSFER FUEL, LP.

No. 12–07–00248–CV.

Court of Appeals of Texas, Tyler.

March 19, 2008.

Melanie S. Reyes, for Relator.

Scott H. James, for real party in interest.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## *OPINION*

JAMES T. WORTHEN, Chief Justice.

Energy Transfer Fuel, LP filed a petition for writ of mandamus challenging the

trial court's final judgment and decree of condemnation signed March 24, 2006.[1] We conditionally grant the writ.

## BACKGROUND

Energy Transfer, a gas utility, filed a petition in condemnation, by which it sought to condemn through eminent domain proceedings 5.08 acres of James's property to use as a permanent right of way for a gas pipeline. The trial court appointed three commissioners, who conducted a hearing concerning the amount of damages to be awarded to James.

The commissioners considered, among other things, (1) evidence concerning James's use of the property for agricultural and recreational purposes, (2) a written appraisal showing the value of the property, (3) evidence concerning the loss of use and surface damages for the encumbered area, and (4) argument of counsel for both Energy Transfer and James. Ultimately, the commissioners awarded James $79,813.18.

Thereafter, James filed with the trial court a Motion to Sign Judgment, to which he attached as an exhibit a proposed judgment. On March 26, 2006, the trial court signed a Final Judgment and Decree of Condemnation (the "judgment"). In its judgment, the trial court not only awarded James $79,813.18, but also set forth additional provisions not included in the commissioners' award.[2] Energy Transfer subsequently sought unsuccessfully to have the trial court set aside its judgment due to its inclusion of these additional provisions. Energy Transfer now seeks mandamus relief in this court. On Energy Transfer's motion, we stayed execution of the Final Judgment and Decree of Condemnation pending our disposition of this original proceeding.

## AVAILABILITY OF MANDAMUS RELIEF

■■ Mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Where the proceedings are regular through the commissioners' decision, a party who is aggrieved by the trial court's entry of a judgment that does not conform to the award has a remedy by mandamus to compel the entry of judgment in accordance with the award. *See Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 939 (1958); *see also Svoboda v. State*, 612 S.W.2d 229, 231 (Tex.Civ.App.-Tyler 1981, no writ). Questions pertaining to irregularities that might render the award or judgment void can be determined in such a proceeding, but can never be properly considered in an appeal from the judgment. *See Pearson*, 159 Tex. at 72, 315 S.W.2d at 939; *see also Svoboda*, 612 S.W.2d at 230–31 (recognizing that when no timely objection is made to the award of the commissioners in an eminent domain case, and the court enters judgment based on that award, there is no right of appeal, even if the judgment materially differs from the award).

## JURISDICTION

■■ An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and

1. The real party in interest is William Barry James, individually and as trustee of the James Trust. The respondent is the Honorable Deborah Oakes Evans sitting in the 3rd Judicial District Court of Anderson County, Texas.

2. Specifically, the judgment contained an abandonment clause and an indemnity clause. It further assessed perpetual liability against Energy Transfer for restoration of the property.

depends upon the eminent domain statute. *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex.App.-San Antonio 1994, orig. proceeding). When a condemnation petition is filed with the trial court, the property code mandates that the court appoint three disinterested special commissioners to assess the damages of the owner of the property being condemned. *See* TEX. PROP.CODE ANN. § 21.014 (Vernon 2004). The special commissioners' power is likewise limited by statute. *See, e.g.,* TEX. PROP.CODE ANN. § 21.014–21.016 (2004); *see also Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex. 1984) (explaining that the special commissioners' power is "limited to filing in the proper court an award of fair compensation for the condemnation. . . ."). After the special commissioners have assessed damages, they shall make a written statement of their decision. TEX. PROP.CODE ANN. § 21.048 (Vernon 2000).

 The initial filing of the petition and the commissioners' hearing is an "administrative proceeding" that converts into a normal pending cause only when objections to the commissioners' award are filed. *See Hubenak v. San Jacinto Gas Transmission Co.,* 141 S.W.3d 172, 179 (Tex.2004); *see also In re State,* 65 S.W.3d 383, 386 (Tex.App.-Tyler 2002, orig. proceeding). Thus, if no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the administrative proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment. TEX. PROP.CODE § 21.061 (Vernon 2000). The trial court's function in this

situation is ministerial in that it must render judgment based upon the commissioners' award. *See John v. State,* 826 S.W.2d 138, 141 n. 5 (Tex.1992).[3] The trial court lacks jurisdiction to do otherwise. *See Blasingame v. Krueger,* 800 S.W.2d 391, 394 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding) ("[I]n the absence of timely filed objections, the [trial] court has no jurisdiction to do anything more than accept and adopt the award of the special commissioners as its judgment.").

 When the court that renders a judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act, the judgment is void. *See Browning v. Prostok,* 165 S.W.3d 336, 346 (Tex.2005). A void judgment is an absolute nullity and has no legal force or effect. *Peacock v. Wave Tec Pools, Inc.,* 107 S.W.3d 631, 636 (Tex.App.-Waco 2003, no pet.). Thus, it follows that where a trial court fails to enter a judgment conforming to the commissioners' award in a condemnation proceeding, that judgment is void. *See Pearson,* 315 S.W.2d at 939; *see also Tex. Dep't of Transp. v. T. Brown Constructors, Inc.,* 947 S.W.2d 655, 659–60 (Tex.App.-Austin 1997, pet denied) (holding judgment void where a trial court entered a judgment different from an award of an administrative panel).

James cites *Rose v. State,* 497 S.W.2d 444 (Tex.1973), as an instance in which the Texas Supreme Court allowed a trial court to grant relief beyond that granted by the commissioners' award. Thus, James argues, the question is not one of jurisdiction.

---

**3.** Only when objections are timely filed is the special commissioners' award vacated and the administrative proceeding converted into a civil case in the trial court. *See Amason,* 682 S.W.2d at 242; *In re State,* 65 S.W.3d at 386.

*Rose* was a bill of review proceeding in which the trial court reformed its judgment to reflect that two tracts were to be condemned by the condemnor rather than the one tract set forth in the commissioners' written award. *See id.* at 445. The record in *Rose* indicated that the commissioners had knowledge that two tracts were at issue in the proceeding before them. *Id.* at 447. Therefore, in making their award, the commissioners believed they were awarding damages for two tracts rather than one tract, but inadvertently failed to reflect that belief in their award. *Id.* The trial court in *Rose* had this evidence before it when it reformed its judgment. *Id.* at 447–48. Therefore, the supreme court determined that the trial court, in reforming its judgment, was acting in accord with what the record demonstrated to be the collective intent of the commissioners when they made their award. *See id.* at 447.

In the instant case, the commissioners' award did not include an abandonment clause, an indemnity clause, or a provision that Energy Transfer would be perpetually liable for restoration of the property. Furthermore, the record does not reflect that the commissioners intended that any such provisions be included in their award. Consequently, we conclude that the facts in *Rose* are distinguishable from the facts of the case at hand.

Here, the trial court only had jurisdiction to adopt the commissioners' award. As such, the trial court exceeded its jurisdiction when it entered a judgment containing additional provisions[4] not contained in the commissioners' written award. Therefore, since the trial court had no jurisdiction to enter the judgment at issue, the judgment is void. *See Browning,* 165 S.W.3d at 346.

4. *See* n. 2.

### CONCLUSION

Having determined that the trial court was without jurisdiction to enter the Final Judgment and Decree of Condemnation of March 24, 2006, we conditionally grant mandamus relief. We trust the trial court will promptly vacate its Final Judgment and Decree of Condemnation of March 24, 2006, and enter a judgment adopting the Award of Special Commissioners entered February 17, 2006. The writ will issue only if the trial court fails to comply with this court's opinion and order within ten (10) days. The trial court shall furnish this court, within the time of compliance with this court's opinion and order, a certified copy of the judgment evidencing of such compliance. Our stay of July 5, 2007, is lifted.

***Writ conditionally granted.***