IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00212-CV

No. 10-08-00213-CV

No. 10-08-00214-CV

No. 10-08-00215-CV

No. 10-08-00216-CV

 

In re
ETC Katy Pipeline, LTD

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

ETC Katy Pipeline, LTD. (ETC) filed a petition for
writ of mandamus in each of these five original proceedings challenging the
trial court's orders denying its motions to appoint special commissioners and
its orders granting the landowners’ motions to dismiss in each of the
underlying cases.[1]  We will
conditionally grant the writ in each case.

Background

On February 14, 2008, ETC, a gas utility company,
filed five original petitions for condemnation seeking to obtain property from
the landowners through eminent domain.  Commissioners were appointed and a
special commissioners’ hearing was set.  On the day of the hearing, counsel for
ETC told the landowners and the special commissioners that it did not want to
have the hearing and that it would be dismissing its cases.  ETC filed motions
to dismiss and notices to nonsuit its claims against the landowners on March
12, 2008 and, through alleged inadvertence, requested that the cases be
dismissed “with prejudice.”

ETC filed its second set of five condemnation
petitions, at issue in this mandamus, on March 17, 2008 in an effort to cure
the errors contained in the original condemnation petitions.  The trial court
refused to appoint special commissioners for the second condemnation cases. 
The landowners filed motions to dismiss on the grounds of res judicata because
the original petitions were dismissed “with prejudice.”  The trial court signed
orders refusing to appoint special commissioners, granted the motions to
dismiss, and awarded attorney’s fees to the landowners.  ETC brings these five
petitions for writ of mandamus asking us to direct the trial court to vacate
its orders denying ETC’s motions to appoint special commissioners and
dismissing the petitions.




Mandamus Relief

Mandamus is "an extraordinary remedy,
available only in limited circumstances."  In re Chu, 134 S.W.3d
459, 462 (Tex. App.—Waco 2004, orig. proceeding).  A writ of mandamus will
issue only if (1) the trial court violates a duty imposed by law or clearly
abuses its discretion, and (2) there is no other adequate remedy at law, such
as an appeal.  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007) (orig. proceeding); In re Prudential Ins. Co., 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citing Walker v. Packer, 827 S.W.2d 833 (Tex. 1992)).

Abuse of Discretion 

ETC argues that the trial court abused its
discretion when it refused to appoint special commissioners after the second
petitions were filed.  A condemnation proceeding is a two-part procedure
involving first, an administrative proceeding, and then if necessary, a
judicial proceeding.  In re State, 65 S.W.3d 383, 385 (Tex. App.—Tyler 2002,
orig. proceeding) (citing Amason v. Natural Gas Pipeline Co., 682 S.W.2d
240, 241-42 (Tex. 1984)).  During the administrative phase, the special
commissioners award compensation for the taking and assess the costs of the
proceeding.  Amason, 682 S.W.2d at 242; see Tex. Prop. Code Ann. § 21.042 (Vernon Supp. 2002), § 21.047 (Vernon 2000).  A trial court does not have jurisdiction in
the administrative phase of a condemnation proceeding; therefore, any judgment
and order made outside of the statutory authority is void.  In re Energy
Transfer Fuel, LP, 250 S.W.3d 178, 181 (Tex. App.—Tyler 2008, orig.
proceeding).  The beginning phase of an eminent domain proceeding is entirely administrative,
and it does not convert into a judicial proceeding until objections to the
special commissioners’ award are filed.  See Tex. Prop. Code Ann.
§ 21.018 (Vernon 1984); Denton County v. Brammer, 361 S.W.2d 198,
200 (Tex. 1962).

Having reviewed the mandamus record before us and
the applicable law, we conclude that the refusal to appoint commissioners and
the “dismissal with prejudice” ruling were abuses of discretion.  The trial
court lacked jurisdiction to act outside of the statute during the
administrative phase of the condemnation proceeding.  See In re State,
85 S.W.3d at 875 (holding that trial court lacks jurisdiction to act beyond
statute during administrative phase of proceeding and any such action is abuse
of discretion).  The trial court abused its discretion because it had a duty to
appoint special commissioners and lacked jurisdiction to dismiss ETC’s cases on
res judicata grounds.  We sustain ETC’s first issues in each proceeding.

Inadequate Remedy at Law 

An abuse of discretion alone does not warrant the
issuance of a writ of mandamus.  We must also consider whether ETC has an
adequate remedy at law by appeal or otherwise.  There is not an adequate remedy
by appeal when a party is in danger of permanent deprivation of
substantial rights.  Id. at 388.  The landowners argue that an adequate
remedy by appeal is available because ETC is currently pursuing appellate
remedies in this court.[2]  See
In re Lerma, 144 S.W.3d 21 (Tex. App.—El Paso 2004, orig. proceeding)
(denying writ when relator had two appeals pending when mandamus was filed).

The Fourth Court of Appeals’ opinion in Garcia
is instructive on this issue.  See Gulf Energy Pipeline Co. v. Garcia,
884 S.W.2d 821, 824 (Tex. App.—San Antonio 1994, orig. proceeding).  In Garcia,
the San Antonio Court of Appeals found mandamus to be proper where the relator,
who was seeking to condemn an easement for a pipeline, faced a sixty-day delay
in the condemnation proceeding due to the trial court's interference and
penalties and expenses associated with the delay.  The Garcia court
concluded that "neither the district court nor a court of appeals has any
mechanism by which it could return the expedited procedure and costs of which
the relator was deprived."  Id.  The court also held that mandamus
relief is generally proper when a judicial body operates to deny a litigant a
peculiar right or directly interferes with the jurisdiction of another court or
administrative body.  Id.

Like Garcia, appeal is not an adequate
remedy in this case.  In Garcia
the trial court, by way of
injunction and continuance, was effectively delaying the commissioners’ hearing
process by sixty days.  Here, the trial court has gone far beyond
Garica by refusing to appoint special commissioners.  Additionally, more
than ninety days have passed since the filing of the original petition.  The Property Code provides condemnors a
substantial right to an expedited hearing and possession of the easement
immediately after the commissioners file their findings.  See id. 
The delay involved in this case, like Garcia, is not the delay of
waiting until a court proceeding is over to appeal, but the delay of wrongfully
halted proceedings over which another body has jurisdiction.  Id.; cf.
HCA Health Servs. v. Salinas, 838 S.W.2d 246, 248 (Tex. 1992) (no adequate
remedy by appeal for litigation deadlocked when two courts attempted to
exercise jurisdiction).

Because the trial court's orders permanently deprive
ETC of the substantial right of an expedited procedure and it has no adequate
remedy by appeal, ETC is entitled to mandamus relief.  See Prudential,
148 S.W. 3d at 135-39.  We sustain ETC’s second issue.  

Conclusion

Having determined that the trial court was without
jurisdiction to refuse to appoint special commissioners and to grant the motions
to dismiss on res judicata grounds, we conditionally grant mandamus relief.  See
In re Energy Transfer Fuel, LP, 250 S.W.3d at 182; see also Browning
v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005).  The writ will issue in each
case only if Respondent fails to withdraw his order granting the motion to
dismiss signed on March 31, 2008, or fails to appoint special commissioners within
21 days from the date of this opinion.

 

BILL VANCE

Justice

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

            (Chief Justice Gray dissents with a
note)*

Petitions granted 

Opinion delivered and
filed October 1, 2008

[OT06]

 

 

*
(Chief Justice Gray would
deny each of the five petitions for writ of mandamus.  A separate opinion will
not issue.  He notes, however, that while he agrees with the analysis of In
re State, 65 S.W.3d 383 (Tex. App.—Tyler 2002, orig. proceeding) and Gulf
Energy Pipeline Co. v. Garcia, 884 S.W.2d 821 (Tex. App.—San Antonio 1994,
orig. proceeding), those proceedings are easily distinguished.  In State and
Garcia, the administrative portion of the condemnation proceeding was
ongoing, and the trial court was attempting to exercise control over and during
the administrative process.  No final judgment had been rendered dismissing the
proceeding.  Thus, the only way to obtain relief from the trial court’s
interference was by mandamus.  In this proceeding, however, the trial court has
rendered a final judgment of dismissal.  That judgment can be directly and
immediately appealed.  This mandamus proceeding could be a more timely review
of the trial court’s judgment than a direct appeal if we give it our immediate
attention.  But that is also true of any proceeding that has been finally
disposed by the trial court.  If the appeal needs to be expedited because of
the nature of the underlying dispute, it can be.  But there is no
justification, much less authority, for hurtling this proceeding to the front
of the line because it is filed as a mandamus when a direct appeal is not only
available but is actually currently pending and, if appropriate, a motion to
expedite can be filed and considered.  Because there is an adequate remedy by
direct appeal, he would deny ETC’s petition for a writ of mandamus.  The
Court’s ruling will, of course, moot the pending appeals and therefore Chief
Justice Gray would simultaneously dismiss those five proceedings.)








 









[1]
          The
real-parties-in-interest/landowners in the five cases are FPJ Pipeline Corridor
No. 1 L.L.C., FPJ Land Company, L.T.D., Reagan Management Company, Frederick L.
Reagan, John F. Reagan, Patricia R. Myrick, FLR Pipeline Corridor No.1 L.L.C.,
Camp Cooley, LTD., North CC Pipeline Corridor, L.L.C., Martin Pipeline
Corridor, L.L.C., Circle M Ranch, LTD., Ruth Martin Ranch, Inc., McCormick
Pipeline Corridor, L.L.C., Kenneth C. McCormick, Sr., and Kenneth C. McCormick,
Jr.  The Respondent is the Honorable Robert Stem, sitting in the 82nd Judicial
District Court of Robertson and Falls Counties, Texas.

 





[2]               ETC filed
appellate briefs with this court on August 19, 2008 arguing in two issues that (1)
the trial court abused its discretion in dismissing the case with prejudice
when “dismissal with prejudice” was requested inadvertently and (2) that it was
error for the court to deny its post-trial motions requesting that the order be
corrected and dismissed “without prejudice.”