

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00176-CV

**EDGAR TODD LOVE,**

                                                                **Appellant**

 **v.**

**TEXAS EXPRESS PIPELINE LLC,**

                                                                **Appellee**

#### From the 82nd District Court
#### Robertson County, Texas
#### Trial Court No. 12-09-19185-CV

## MEMORANDUM  OPINION

In this appeal, appellant, Edgar Todd Love, complains about a condemnation proceeding involving rights granted to appellee, Texas Express Pipeline, LLC, for the construction and operation of a pipeline through and across real property located in Robertson County, Texas.  In two issues, Love argues that he was not properly served with notice of the condemnation and Special Commissioners' meetings; therefore, the ruling of the Special Commissioners and the subsequent judgment entered by the trial

court are void. Appellee responded by filing, among other things, a motion to dismiss. For the reasons stated below, we grant appellee's motion to dismiss.

## I. BACKGROUND

It is undisputed that appellee is the owner of a common-carrier pipeline that, once fully constructed, will transport natural-gas liquids from the Texas Panhandle to the Gulf Coast. The parties also do not dispute that appellee, as a common carrier, has the right and power of eminent domain and may enter on and condemn the land, rights-of-way, easements, and property of any person or corporation necessary for the construction, maintenance, or operation of the common-carrier pipeline. *See* TEX. NAT. RES. CODE ANN. §§ 111.002, 111.019 (West 2011); *see also* TEX. BUS. ORGS. CODE ANN. § 2.105 (West 2012). This appeal pertains to an eminent-domain action in which appellee obtained a permanent right-of-way easement and a temporary-construction easement across a certain tract of land in Robertson County for the construction of the pipeline.

Appellant asserts that, on or about April 2012, appellee contacted him to discuss and negotiate terms, conditions, and compensation regarding the condemnation easement over the property in question. At some point in time, appellee conducted a title search and attempted to contact the owners of the property in question in an effort to acquire the easements by agreement. Sophie Creech, a Land Project Manager for appellee, executed an affidavit, wherein she stated that, through its title search, appellee determined that the property was owned by Milton Hammond, who is deceased. Creech further explained: "TEP's agents conducted a thorough search of the public records, including probate and title records, and visited the Property and surrounding

neighborhood in an attempt to identify and locate the heirs, assigns, and legal representatives of Milton Hammond. Those searches were unsuccessful." Creech further noted that Love, who asserts that he is Hammond's grandson, "claimed to own an interest in the Property." However, Love was unable to produce any documentation substantiating his ownership claim to the property in question. Indeed, on appeal, Love does not direct us to any evidence in the record that he is Hammond's grandson, thus evidencing his ownership interest in the property.

Having found no living person who could prove his or her ownership of the property, appellee filed its original petition in condemnation on September 20, 2012. Appellee's original petition listed "The Unknown Heirs, Assigns, and Legal Representative of Milton Hammond, Deceased" as defendants. Pursuant to section 21.014(a) of the Texas Property Code, the trial court appointed "three disinterested real property owners who reside in the county as special commissioners to assess the damages of the owner of the property being condemned." TEX. PROP. CODE ANN. § 21.014(a) (West Supp. 2013).

Subsequently, on October 18, 2012, appellee filed a "Motion to Appoint Attorney Ad Litem," wherein appellee explained that it was unable to identify the current owners of the property and requested that an attorney ad litem be appointed to represent the interests of the unknown owners. Later that day, the trial court appointed Hoagie Karels to serve as attorney ad litem. Thereafter, pursuant to section 21.016(d)(3) of the Texas Property Code, appellee served the unknown owners of the property with citation and notice of the Special Commissioners' hearing via publication in the local

newspaper—the Robertson County News. *Id.* § 21.016(d)(3) (West Supp. 2013). The record reflects that the notice was published in the October 17, 2012, October 24, 2012, October 31, 2012, and November 7, 2012 editions of the Robertson County News.

The Special Commissioners' hearing was scheduled for November 29, 2012 at 9:00 a.m. As noted in the "Award of Special Commissioners," Karels appeared and participated in the hearing on behalf of the unknown owners. At the conclusion of the hearing, the Special Commissioners awarded $4,300 in damages to the unknown owners. The award was filed with the trial court, and appellee took necessary steps to perfect possession of the easements by depositing $4,300 in the court's registry and filing the requisite bonds. *See id.* § 21.021 (West 2004). Accordingly, on December 12, 2012, the trial court entered an order granting statutory possession of the easement interests to appellee.

On February 27, 2013, the trial court entered a "Judgment of Court in Absence of Objections to Award of Special Commissioners." In this judgment, the trial court confirmed the award of the Special Commissioners and granted ownership of the easements to appellee. The trial court also noted that "[a]ll parties to this suit were given proper notice of the Commissioners Hearing and Condemnor filed the Returns of Service with the Court's Clerk" and authorized the clerk of the court to allow any condemnee to come forward and, upon the filing of a motion showing specific ownership interest in the property, withdraw his or her portion of the award. Thereafter, appellee filed the judgment in the Robertson County public records.

On March 28, 2013, more than a month after entry of the final judgment, Love filed an objection to the award of the Special Commissioners, a motion to vacate or set aside the final judgment, a motion for new trial, and a request for a temporary injunction. On April 24, 2013, the trial court conducted a hearing on Love's objection and motions. At the conclusion of the hearing, the trial court denied Love's application for a temporary-restraining order, stating that the application was untimely and that the court did not have jurisdiction to issue temporary-injunctive relief.

On May 14, 2013, Love requested a hearing on his remaining motions, and the trial court set those motions for a hearing to be conducted on May 23, 2013. However, in response to objections filed by appellee, the trial court cancelled the hearing after concluding that the remaining motions had been overruled by operation of law. Love filed a notice of appeal stating that he desired to challenge the trial court's "Judgment of Court in Absence of Objections to Award of Special Commissioners" and the award of the Special Commissioners.

## II. ANALYSIS

"An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute." I*n re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180-181 (Tex. App.—Tyler 2008, orig. proceeding) (citing *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex. App.—San Antonio 1994, orig. proceeding)). "The initial filing of the petition and the commissioners' hearing is an 'administrative proceeding' that converts into a normal pending cause only when objections to the commissioners' award are filed." *Id.* at 181

(citing *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 179 (Tex. 2004); *In re State*, 65 S.W.3d 383, 386 (Tex. App.—Tyler 2002, orig. proceeding)). More specifically, upon the filing of objections, the Special Commissioners' award is vacated and the administrative proceeding converts into a normal pending cause with the condemnor as plaintiff for the purpose of proving its right to condemn, and the landowner as defendant. *See* TEX. PROP. CODE ANN. § 21.018(b); *see also Denton County v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *Musquiz v. Harris County Flood Control Dist.*, 31 S.W.3d 664, 667 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Any party who is dissatisfied with the Special Commissioners' award is allowed a certain amount of time within which to file objections. *Musquiz*, 31 S.W.3d at 666. In particular, section 21.018(a) of the Texas Property Code provides that:

> A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. *The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.*

TEX. PROP. CODE ANN. § 21.018(a) (West 2004) (emphasis added).

> If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the administrative proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.

*In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181 (citing TEX. PROP. CODE ANN. § 21.061 (West 2000)). "The trial court's function in this situation is ministerial in that it must render judgment based upon the commissioners' award." *Id.* (citing *John v. State*, 826

S.W.2d 138, 141 n.5 (Tex. 1992)).  "The trial court lacks jurisdiction to do otherwise."  *Id.* (citing *Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) ("[I]n the absence of timely filed objections, the [trial] court has no jurisdiction to do anything more than accept and adopt the award of the special commissioners as its judgment.")).

Moreover, the trial court's rendering judgment "on the award" is not appealable. *See Musquiz*, 31 S.W.3d at 667 (citing *Pearson v.  State*, 159 Tex. 66, 315 S.W.3d 935, 938 (1958) ("[I]f no objections are filed . . . [n]o jurisdiction is conferred upon the court to do anything more than accept and adopt the award as its judgment . . . .  There is nothing which the court . . . can hear and determine by the exercise of its judicial powers.")); *see also Restitution Revival v. Waco Indep. Sch. Dist.*, No. 10-02-248-CV, 2003 Tex. App. LEXIS 8876, at **1-2 (Tex. App.—Waco Oct. 15, 2003, pet. denied).  "If the landowner timely files objections to the special commissioners' award, the landowner must secure service of citation on the condemnor within a reasonable period of time."  *Musquiz*, 31 S.W.3d at 667 (citing TEX. PROP. CODE ANN. § 21.018(b)).  "Otherwise, the trial court should dismiss the objections for want of prosecution and reinstate the special commissioners' award as the proper compensation."  *Id.* (citing *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 242 (Tex. 1984)); *see State v. Ellison*, 788 S.W.2d 868, 873 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (noting that when the landowner does not secure service on the condemnor within a reasonable period of time, the trial court should consider the objection abandoned and dismiss the "objection" for want of prosecution).

Here, the Special Commissioners conducted their hearing on November 29, 2012. On the same day, the Special Commissioners entered their award and filed it with the trial judge. Subsequently, on February 27, 2013, the trial court entered a "Judgment of Court in Absence of Objections to Award of Special Commissioners." However, Love did not file his objections to the Special Commissioners' award until March 28, 2013, or in other words, approximately four months after the Special Commissioners filed their award with the trial court. Because Love did not file his objections by the first Monday following the 20th day after November 29, 2012—the day the commissioners filed their findings with the trial court, we cannot say that Love's objections were timely. *See* TEX. PROP. CODE ANN. § 21.018(a). And because Love did not timely file his objections, the trial court was obligated to adopt the findings of the Special Commissioners and render judgment based upon the Special Commissioners' award. *See id.* § 21.061; *see also In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181; *Blasingame*, 800 S.W.2d at 394. The trial court lacked jurisdiction to do anything else. *See also In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181; *Blasingame*, 800 S.W.2d at 394.

Furthermore, the trial court's rendering judgment "on the award" is not appealable. *See Pearson*, 315 S.W.3d at 938; *Musquiz*, 31 S.W.3d at 667; *see also Restitution Revival*, 2003 Tex. App. LEXIS 8876, at **1-2. Therefore, because Love attempts to appeal from a judgment that is not appealable, we lack jurisdiction over this matter.[1]

---

[1] And to the extent that Love complains that he was not personally served with notice of the November 29, 2012 Special Commissioners' hearing, we note that Love has not directed us to any documentation in the record demonstrating his ownership interest in the property. The fact that appellee began negotiations with Love does not definitively demonstrate that Love had a legally-cognizable ownership interest in the property. Furthermore, the record reflects that, pursuant to section 21.016(d)(3)

*See Pearson*, 315 S.W.3d at 938; *Musquiz*, 31 S.W.3d at 667; *Patrick Media Group, Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 377 (Tex. App.—Eastland 1994, writ denied) ("Absent objections to the commissioners' award by the parties to the condemnation proceeding, we have no jurisdiction to entertain this appeal."); *Storey v. Irving*, 475 S.W.2d 856 (Tex. Civ. App.—Dallas 1972, no writ) ("The order complained of was an administrative order and not a judgment in a civil case, and there is no right of appeal therefrom."); *see also Iroha v. Son*, No. 2-05-391-CV, 2007 Tex. App. LEXIS 444, at *10 (Tex. App.—Fort Worth Jan. 25, 2007, no pet.) ("The judgment entered by the court [confirming the award of the special commissioners] does not constitute a 'judgment in a civil case,' and thus, neither the condemnor nor the condemnee has the right to appeal from that judgment."); *Restitution Revival*, 2003 Tex. App. LEXIS 8876, at **1-2. Accordingly, we grant appellee's motion to dismiss. This appeal is hereby dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).


                                          AL SCOGGINS
                                          Justice

---

of the Texas Property Code, appellee served the unknown owners of the property by publication in the October 17, 2012, October 24, 2012, October 31, 2012, and November 7, 2012 editions of the Robertson County News. *See* TEX. PROP. CODE ANN. § 21.016(d)(3) (West Supp. 2013) (authorizing service of citation by publication if, among other things, the identity or the residence of the property owner is unknown). Moreover, the trial court appointed Hoagie Karels as attorney ad litem to represent the interests of the unknown owners of the property. Based on this, we are not persuaded by Love's complaint about personal service.

Before Chief Justice Gray,
         Justice Davis, and
         Justice Scoggins
Motion granted; appeal dismissed
Opinion delivered and filed March 6, 2014
[CV06]