

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00037-CV

_____

ROOSEVELT J. JONES, Appellant

V.

PLAINS PIPELINE, L.P., A TEXAS LIMITED PARTNERSHIP, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 2015-687

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Plains Pipeline, L.P., sought to acquire an easement and a temporary workspace easement across certain property in Wood County. Because Roosevelt J. Jones owned a one-third undivided interest in the land and did not agree to sell the needed easement, Plains filed a condemnation proceeding, in which the special commissioners' findings and award were ultimately filed with the district court on February 18, 2016. Jones failed to file written objections to the findings and award.

When the deadline for Jones' objections had passed, Plains requested and was granted by the district court a "Judgment in the Absence of Objections" awarding Jones $996.00 in damages for the value of his pro rata share of the taken property, in accordance with the commissioners' findings and award.

Jones attempts to appeal, urging various claims.[1] Because we have no jurisdiction to hear Jones' attempted appeal, we dismiss the appeal.

"An eminent domain proceeding is not within the general jurisdiction of the court; any power to act is special and depends on the eminent domain statute." *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180–181 (Tex. App.—Tyler 2008, orig. proceeding) (citing *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 822 (Tex. App.—San Antonio 1994, orig. proceeding)). "The initial filing of the petition and the commissioners' hearing is an 'administrative proceeding'

---

[1]Jones contends that the trial court erred "by failing to allow [him] to be tried alone," "by not requiring Plains to make an adequate 'bona fide' offer for the 'taking' of the [property]," "by not requiring Plains to pay Jones adequate compensation for" damages to other tracts of property caused by the taking, "by giving Plains property rights beyond those rights that [go] with the 'pipeline easement area,'" and by not requiring Plains to disclose whether the path of the proposed pipeline would travel across other properties to which he has an ownership interest.

that converts into a normal pending cause only when objections to the commissioners' award are filed." *Id*. at 181 (citing *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 179 (Tex. 2004); *In re State*, 65 S.W.3d 383, 386 (Tex. App.—Tyler 2002, orig. proceeding)). On the filing of objections, the special commissioners' award is vacated and the administrative proceeding converts into a normal pending cause with the condemnor as plaintiff for the purpose of proving its right to condemn, and the landowner as defendant.[2] *See* TEX. PROP. CODE ANN. § 21.018(b) (West 2014); *see also Denton Cty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *Musquiz v. Harris Cty. Flood Control Dist.*, 31 S.W.3d 664, 667 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

Any party who is dissatisfied with the special commissioners' award is allowed a certain amount of time within which to file objections. *Musquiz*, 31 S.W.3d at 666.

> A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. *The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.*

TEX. PROP. CODE ANN. § 21.018(a) (West 2014) (emphasis added).

> If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the administrative proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.

---

[2]"If the landowner timely files objections to the special commissioners' award, the landowner must secure service of citation on the condemnor within a reasonable period of time," or else the trial court "should dismiss the objections for want of prosecution and reinstate the special commissioners' award as the proper compensation." *Musquiz*, 31 S.W.3d at 667.

*Energy Transfer Fuel, LP*, 250 S.W.3d at 181 (citing Tex. Prop. Code Ann. § 21.061 (West 2014)). "The trial court's function in this situation is ministerial in that it must render judgment based on the commissioners' award." *Id.* (citing *John v. State*, 826 S.W.2d 138, 141 n.5 (Tex. 1992)). "The trial court lacks jurisdiction to do otherwise." *Id.* (citing *Blasingame v. Krueger*, 800 S.W.2d 391, 394 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding)). In the absence of timely-filed objections, the trial court's judgment on the commissioners' findings and award is not appealable. *See Musquiz*, 31 S.W.3d at 667 (citing *Pearson v. State*, 315 S.W.2d 935, 938 (Tex. 1958) ("[I]f no objections are filed[,] . . . [n]o jurisdiction is conferred on the court to do anything more than accept and adopt the award as its judgment. . . . There is nothing which the court . . . can hear and determine by the exercise of its judicial powers.")).

Here, the special commissioners' hearing occurred February 17, 2016, and the commissioners' findings and award were filed with the court February 18, 2016. Jones failed to file written objections. Plains moved for "Judgment in the Absence of Objections," and on May 16, 2016, the trial court granted Plains' motion and entered a final judgment.

Because Jones filed no objections, the trial court was obligated to adopt the findings and awards of the special commissioners and render judgment based on the same. *See* Tex. Prop. Code Ann. §§ 21.018(a), 21.061 (West 2014); *see also Energy Transfer Fuel, LP*, 250 S.W.3d at 181; *Blasingame*, 800 S.W.2d at 394. The trial court lacked jurisdiction to do anything else. *See also Energy Transfer Fuel, LP*, 250 S.W.3d at 181; *Blasingame*, 800 S.W.2d at 394. Furthermore, Jones' failure to file objections means that the trial court's judgment is not appealable. *See Pearson*, 315 S.W.3d at 938; *Musquiz*, 31 S.W.3d at 667. Because Jones attempts to appeal from

4

a judgment that is not appealable, we lack jurisdiction over this matter. *See Pearson*, 315 S.W.3d at 938; *Musquiz*, 31 S.W.3d at 667; *Patrick Media Grp.*, *Inc. v. Dallas Area Rapid Transit*, 879 S.W.2d 375, 377 (Tex. App.—Eastland 1994, writ denied) ("Absent objections to the commissioners' award by the parties to the condemnation proceeding, we have no jurisdiction to entertain this appeal."); *Storey v. Irving*, 475 S.W.2d 856 (Tex. Civ. App.—Dallas 1972, no writ) ("The order complained of was an administrative order and not a judgment in a civil case, and there is no right of appeal therefrom."). Accordingly, we may not address Jones' points of error.

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).


Josh R. Morriss, III
Chief Justice

Date Submitted:    December 1, 2016
Date Decided:     January 5, 2017