DENIED and Opinion Filed February 20, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00088-CV

### IN RE VENKY VENKATRAMAN, Relator

**Original Proceeding from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF04-11968**

## MEMORANDUM OPINION

Before Justices Brown, Molberg, and Reichek
Opinion by Justice Reichek

This original proceeding is one of multiple proceedings filed in relation to the underlying suit affecting the parent-child relationship ("SAPCR"). Relator's appeal of the trial court's December 15, 2017 "Order in Suit Affecting the Parent-Child Relationship Nunc Pro Tunc" is pending in this Court as cause number 05-17-01486-CV. Here, relator complains of a January 15, 2019 unsigned "memorandum ruling" in which the trial court denied the real party in interest's request to modify the amount of child support ordered in the December 15, 2017 order. Relator argues that the trial court was without jurisdiction to rule on the real party in interest's modification suit because relator's appeal of the December 15 SAPCR order is pending in this Court. We deny the petition.

To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion when

it issues a void order. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 603 (Tex. 2000) (orig. proceeding). If a court issues an order beyond its jurisdiction, that order is void and the relator need not show he lacks an adequate remedy by appeal to obtain mandamus relief. *Id.*; *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 181 (Tex. App.—Tyler 2008, orig. proceeding).

"A trial court with continuing, exclusive jurisdiction has jurisdiction over a new proceeding to modify the parent–child relationship even if an appeal is pending from a previous order regarding that relationship." *In the Interest of S.V. and S.V., Children*, No. 05-18-00037-CV, 2019 WL 516730, at *5 (Tex. App.—Dallas Feb. 11, 2019, no pet. h.) (mem. op.) (quoting *In Interest of G.E.D.*, No. 05-17-00160-CV, 2018 WL 258982, at *4 (Tex. App.—Dallas Jan. 2, 2018, no pet.) (mem. op.)); *In re Reardon*, 514 S.W.3d 919, 930 (Tex. App.—Fort Worth 2017, orig. proceeding) (trial court had jurisdiction to adjudicate petition for modification pending appellate review of prior final SAPCR order); *Hudson v. Markum*, 931 S.W.2d 336, 337–38 (Tex. App.—Dallas 1996, no writ) (trial court had continuing, exclusive jurisdiction to hear motion to modify child support despite pending appeal of previous SAPCR order); *Blank v. Nuszen*, No. 01–13–01061–CV, 2015 WL 4747022, at *2 (Tex. App.—Houston [1st Dist.] Aug. 11, 2015, no pet.) (mem. op.) (same).

Here, the trial court has continuing, exclusive jurisdiction over this suit affecting the parent-child relationship. TEX. FAM. CODE. ANN. § 155.001(a) ("a court acquires continuing, exclusive jurisdiction over matters provided for by this title in connection with a child on rendition of a final order"). As such, the trial court retained jurisdiction to decide the real party in interest's modification suit and to modify the December 15, 2017 order while the appeal of that order is pending in this Court. The memorandum ruling is, therefore, not void, and relator has not shown an abuse of discretion. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX.

R. App. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190088F.P05