**PEAK PIPELINE CORPORATION,**
Appellants,

v.

**Charles NORTON, et al. Appellees.**

No. 1486.

Court of Appeals of Texas,
Tyler.

Feb. 12, 1982.

G. Dennis Sheehan, Houston, for appellant.

Gordon F. Thrall, Jacksonville, for appellees.

MOORE, Justice.

This is an appeal from an order sustaining a plea in abatement. Appellant, Peak Pipeline Corp. (Peak), constructed a pipeline in Cherokee County across land owned by appellees, Charles Norton, Laurie T. Norton, James D. Norton and William L. Norton (Nortons), without their permission and without condemning the land in question. Thereafter, the Nortons filed suit against Peak in the District Court of Cherokee County for damages for trespass. Appellant Peak then brought the present suit against the Nortons seeking to condemn a right-of-way for the construction of the pipeline and a site for a compressor station.[1] In response to the condemnation petition, the Nortons answered with a plea in abatement alleging that prior to Peak's condemnation petition, they had brought suit against Peak in the District Court of Cherokee County for damages for trespass, and requested that Peak's condemnation suit be abated. After a hearing the trial court granted the Nortons' plea in abatement and dismissed Peak's condemnation suit. From such ruling and judgment Peak perfected this appeal.

We reverse and remand.

The record reveals that Peak, believing that its right-of-way agent had obtained the consent of the Nortons, constructed its pipeline across the Nortons' land. Appellant alleges that it was only after the construction had been completed and the natural gas permitted to flow through the pipes that it discovered that its right-of-way agent had not been able to obtain appellees'

---

1. The parties concede that the District Court of Cherokee County has jurisdiction of condemnation proceedings by virtue of art. 3266a.

consent. Appellant claims it then made serious and good faith efforts to obtain a right-of-way easement across appellees' land but the Nortons refused to agree and appellant was forced to file this condemnation action.

Appellees answered appellant's condemnation suit with a plea in abatement wherein appellees sought to have appellant's action abated. Appellees stated that they had previously filed suit against Peak alleging that Peak wrongfully laid its pipeline on appellees' land without appellees' permission. Appellees requested both actual and exemplary damages for appellant's alleged trespass and for an injunction for removal of said pipeline. At the time the trial court sustained the plea in abatement, the special commissioners had not been appointed and no award had been made.

Peak contends that the trial court erred in granting the Nortons' plea in abatement because Peak had an absolute right to proceed with its independent condemnation action despite the existence of appellees' wrongful trespass action. We must agree with appellant's contention.

The right of condemnation is governed by the laws of eminent domain in Texas as set forth in Article 3264, et seq.[2] Pursuant to this legislative authority, special condemnation proceedings of a purely statutory nature are to be utilized in resolving the issues of the proper amount of the award to the landowners for the condemnation of the property.

> An action to condemn land is a special statutory proceeding wholly administrative in nature, at least until the commissioners' decision is filed with the county [or district] judge. The course which it takes after the filing of their award is governed by Sections 6 and 7 of Art. 3266.

*Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935, 936–37 (1958).

■ It is well settled in Texas that a court is not to enjoin or otherwise hinder or delay the special commissioners from proceeding with the condemnation inquiry. *Tarrant County v. Shannon*, 129 Tex. 264, 104 S.W.2d 4 (1937); *Coastal Industrial Water v. Houston Lighting & Power Co.*, 564 S.W.2d 389 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ); *Board of Regents, etc. v. Commanche Apts.*, 568 S.W.2d 449 (Tex.Civ.App.—Austin 1978, writ ref'd n. r. e.); *Lone Star Gas Co. v. Webb*, 20 S.W.2d 222 (Tex.Civ.App.—Waco 1929, no writ). The trial court has no jurisdiction to interfere by injunction or otherwise, *unless* the body is positively devoid of any jurisdiction whatsoever. *Tarrant County v. Shannon*, 129 Tex. 264, 104 S.W.2d 4 (1937); City of *Garland v. Mayhew*, 528 S.W.2d 305 (Tex. Civ.App.—Tyler 1975, writ ref'd n. r. e.). Also see *Lone Star Gas Company v. City of Fort Worth*, 128 Tex. 392, 98 S.W.2d 799 (1936).

■ Appellees do not question the rule as stated in the above-cited cases, but rather contend that the rule is not applicable to the facts of the instant suit. Appellees argue that this is an "inverse condemnation" action where appellees have filed suit in tort for damages. Therefore, appellees contend, the above-cited rule does not apply in this fact situation. We cannot agree.

■ The case of *Lone Star Gas v. Webb*, supra, is similar to the instant suit. In *Lone Star*, the condemnor laid its pipeline across a tract of land owned by Webb. Webb then brought suit for damages; thereafter the pipeline brought an action for condemnation. Webb immediately filed suit to enjoin Lone Star from prosecuting its condemnation suit. The Waco Court of Appeals dismissed the trial court's temporary injunction holding that the trial court did not have the authority to restrain the county court, by injunction or otherwise, from exercising its jurisdiction over condemnation proceedings. *Id.* at 223.

In 1971 the legislature enacted article 3266a, which states in part:

> The district courts of all counties in the State shall have jurisdiction concurrent with the county courts at law in eminent

---

**2.** All citations are to Tex.Rev.Civ.Stat.Ann. art. 3264 *et seq.* (Vernon 1968 and supp. 1982).

domain cases. The county courts shall have no jurisdiction in eminent domain cases.

The state legislature changed the jurisdiction of the courts by this amendment, but did not amend the statutory procedure to be followed in condemnation actions, as such procedure is set forth in Articles 3264 *et seq.* It is, therefore, the absolute duty of the District Judge presiding over the matter to appoint a special commission once a petition for condemnation has been filed with him. Op.Atty.Gen. 1971, No. M–959.

In *Coastal Ind. Water v. Houston Light & Power*, supra, the Coastal Industrial Water Board Authority (CIWA) entered into negotiations with Houston Lighting & Power Company (HL&P) for acquisition of a permanent easement for a water pipeline. Prior to an agreement being reached HL&P instituted an action in District Court for declaratory and injunctive relief. Thereafter CIWA filed its condemnation action in the County Civil Court at Law. The District Court granted a temporary injunction, directing CIWA to dismiss its condemnation proceedings. The Houston Court of Appeals noted that CIWA had the *right* to file a counterclaim for condemnation in the District Court under Article 3269, that such an adjudication would be preferable, and that if the court was free to so rule it would uphold the injunction. But the court concluded:

> We are not free to reach that decision, however. We are bound by prior decisions holding that a District Court lacks jurisdiction to enjoin condemnation proceedings instituted in a County Court at Law, even though the proceedings were begun after the filing of a suit for declaratory relief in the District Court. Id. at 391, citations omitted.

The fact that the instant suit involves a plea in abatement rather than a temporary injunction does not alter Peak's statutory right to file its independent condemnation suit. The power of eminent domain is founded in public policy. The statutory authority and the legislative intent from which it emanates, contemplates the utilization of special commissioners to accomplish the goal of a speedy and fair assessment of damages.

The district court could not have enjoined Peak from pursuing its right to condemn appellees' land. Therefore we believe the court could neither dismiss Peak's suit under the guise of a plea in abatement.

It may be that at some future date once an award by the commissioners has been made and appealed into the District Court of Cherokee County, the suit for trespass and the condemnation suit should be consolidated in order to avoid a multiplicity of suits. However, this is a matter for the determination of the trial court to make at such future time and is not before us and we make no ruling thereon. Until such time as an appeal from the condemnation award is filed with the court, the court is without authority to act in any way to hinder, to delay, or otherwise stop the proceedings as set out in Article 3264.

The judgment dismissing Peak's condemnation suit is reversed and the cause is remanded.