# NO. 12-14-00329-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: TARRANT REGIONAL WATER* | § | |
| *DISTRICT, A WATER CONTROL* | § | *ORIGINAL PROCEEDING* |
| *AND IMPROVEMENT DISTRICT* | § | |

## *OPINION*

Tarrant Regional Water District (TRWD) filed a petition for writ of mandamus challenging the trial court's order refusing to appoint special commissioners during the administrative phase of its condemnation proceeding in Henderson County.[1] We conditionally grant the petition.

## BACKGROUND

TRWD filed a petition in condemnation, by which it sought to acquire by eminent domain 7.820 acres of the Lazy W District No. 1 as a permanent easement for a water pipeline. Lazy W filed a plea to the jurisdiction, asserting that governmental immunity bars TRWD's condemnation proceeding.

On October 17, 2014, the trial court signed an order refusing to appoint special commissioners. The order provided further that the court "[would] only do so, if at all, after a hearing has been set and held on the Plea to the Jurisdiction of Defendant Lazy W District No. 1 and a ruling is made by the Court on that Plea." TRWD seeks mandamus relief from this Court.

---

[1] The real party in interest is Lazy W District No. 1, a municipal utility district. The respondent is the Honorable Joe D. Clayton, sitting by assignment in the Third Judicial District Court of Henderson County, Texas.

Generally, mandamus relief is appropriate only when the trial court clearly abuses its discretion and there is no adequate appellate remedy. ***In re Prudential Ins. Co. of Am.***, 148 S.W.3d 124, 135-36 (Tex. 2004). A trial court has no discretion in determining what the law is or in applying the law to the facts. ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in the issuance of a writ of mandamus. *See **id***.

Mandamus is available when a trial court abuses its discretion by entering a void order, regardless of whether appeal is an adequate remedy. *See **In re Sw. Bell Tel. Co.***, 35 S.W.3d 602, 603 (Tex. 2000).

**THE TRIAL COURT'S JURISDICTION**

A condemnation proceeding is not within the general jurisdiction of the court; any power to act is special and depends upon the eminent domain statute. ***In re Energy Transfer Fuel, LP***, 250 S.W.3d 178, 180-81 (Tex. App.–Tyler 2008, orig. proceeding). The Texas land condemnation scheme is a two part procedure involving first an administrative proceeding, and then, if necessary, a judicial proceeding. *See* TEX. PROP. CODE ANN. §§ 21.001-.103 (West 2014); ***Amason v. Natural Gas Pipeline Co.***, 682 S.W.2d 240, 241 (Tex. 1984).

When an entity with eminent domain authority wants to acquire real property for public use but cannot agree with the landowner on the amount of damages, that entity must file a condemnation petition in the proper court, either district court or county court at law, of the county in which the land is located. ***Id.*** §§ 21.001, 21.012(a), 21.013(a) (West 2014); *see also **Amason***, 682 S.W.2d at 241. The judge of the court in which a condemnation petition is filed or to which an eminent domain proceeding is assigned shall appoint three disinterested property owners who reside in the county as special commissioners. TEX. PROP. CODE ANN. § 21.014(a) (West 2014). These special commissioners must promptly schedule an evidentiary hearing on the amount of damages due the property owners, assess the amount of damages, and file their decision with the trial court. *See* TEX. PROP. CODE ANN. §§ 21.014(a), 21.015 (West 2014); ***Brazos River Conservation & Reclamation Dist. v. Allen***, 171 S.W.2d 842, 846-47 (Tex. 1943).

From the time the condemnor files the original statement seeking condemnation up to the time of the special commissioners' award, the proceeding is administrative in nature. ***Amason***,

2

682 S.W.2d at 242. The administrative phase is completely separate from any judicial proceeding that may later take place, and the Property Code says nothing about giving a trial court power to oversee this initial phase. *In re State*, 85 S.W.3d 871, 874 (Tex. App.–Tyler 2002, orig. proceeding) (op. on reh'g.). During the administrative phase, the trial court's jurisdiction is limited to appointing the commissioners, receiving their opinion as to value, and rendering judgment based upon the commissioners' award. *In re State*, 325 S.W.3d 848, 851 (Tex. App.–Austin 2010, orig. proceeding). Any judgment or order made outside of the statutory authority is void. *See, e.g.*, *In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181-82 (judgment void and mandamus available because trial court was without jurisdiction to render final judgment containing provisions not in commissioners' award); *Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 824 (Tex. App.–San Antonio 1994, orig. proceeding) (mandamus appropriate where trial court abused discretion by entering void orders granting continuance of commissioners' hearing and resetting to later date).

A party who is dissatisfied with the commissioners' award may file an objection to the commissioners' findings in the trial court. TEX. PROP. CODE ANN. § 21.018(a) (West 2014). If an objection is filed, the court shall cite the adverse party and try the case in the same manner as other civil causes. *Id.* § 21.018(b) (West 2014). The filing of the original objection converts the condemnation proceeding, which has been administrative thus far, into a judicial proceeding and invests the trial court with jurisdiction of the subject matter of the proceeding. *See Denton Cnty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *see also In re State*, 85 S.W.3d at 874 ("A court's jurisdiction to act as a judicial tribunal in a condemnation proceeding is limited to that which has been conferred by statute."). But without a timely filed objection to the commissioners' award, a condemnation proceeding never becomes a civil case and the trial court does not gain subject matter jurisdiction. *See, e.g.*, *Brammer*, 361 S.W.2d at 200; *In re State*, 85 S.W.3d at 874.

## AVAILABILITY OF MANDAMUS

When TRWD filed its condemnation petition, the trial court had a statutory duty to appoint three special commissioners. *See* TEX. PROP. CODE ANN. § 21.014(a); *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 187 (Tex. App.–Tyler 1982, no writ) ("It is . . . the absolute duty of the [trial court] [j]udge presiding over the matter to appoint . . . special commission[ers]

3

once a petition for condemnation has been filed with him."). Lazy W contends that a trial court must rule on a governmental entity's plea to the jurisdiction before taking any other action in a case. *See **Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 226 (Tex. 2004). However, a condemnation proceeding does not become a "case" until the commissioners have made their award and an objection to it has been filed in the trial court. *See, e.g.*, ***Brammer***, 361 S.W.2d at 200; ***In re State***, 85 S.W.3d at 874. Consequently, Lazy W's plea to the jurisdiction, filed during the administrative phase, was premature, and the trial court's only course of action was to ignore it until an objection to the commissioners' award had been filed. *See* TEX. PROP. CODE ANN. § 21.01(b); *see also **In re State***, 325 S.W.3d at 851.

We hold that the trial court was without jurisdiction to refuse to appoint special commissioners in this condemnation proceeding.[2] *See **In re ETC Katy Pipeline, Ltd.***, 276 S.W.3d 562, 563 (Tex. App.–Waco 2008, orig. proceeding) (op. denying reh'g) (granting mandamus because trial court was without jurisdiction to refuse to appoint special commissioners). Accordingly, its October 17, 2014 order refusing to appoint special commissioners is outside its statutory authority and therefore void. *See* TEX. PROP. CODE ANN. § 21.014(a); ***In re Energy Transfer Fuel, LP***, 250 S.W.3d at 181. We further hold that the trial court abused its discretion by issuing the void order. *See **In re Sw. Bell Telephone Co.***, 35 S.W.3d at 605.

## CONCLUSION

Having determined that the trial court's October 17, 2014 is void and constitutes an abuse of discretion, we conditionally grant mandamus relief. Because the order is void, TRWD is not required to show that appeal is an inadequate remedy. *Id*.

We trust the trial court will promptly vacate its order of October 17, 2014, and issue an order appointing three special commissioners. The writ will issue only if the trial court fails to comply with this court's opinion and order ***within ten days***. The trial court shall furnish this Court, within the time of compliance with this Court's opinion and order, a certified copy of the order evidencing such compliance.

---

[2] To the extent that the trial court's order can be construed as merely delaying the appointment of commissioners, we note that appellate courts have consistently held that trial courts have no authority to grant continuances, abate, enjoin, set, or otherwise interfere with the commissioners' hearings. *See, e.g.*, ***Garcia***, 884 S.W.2d at 823; ***Norton***, 629 S.W.2d at 187. Thus, orders purporting to hinder or delay the special commissioners in proceeding with the condemnation hearing are void. *See **Garcia***, 884 S.W.2d at 823.

                                              **JAMES T. WORTHEN**
                                                 Chief Justice

Opinion delivered February 11, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

                                                (PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## ORDER

**FEBRUARY 11, 2015**

**NO. 12-14-00329-CV**

**TARRANT REGIONAL WATER DISTRICT,**
**A WATER CONTROL AND IMPROVEMENT DISTRICT,**
Relator
V.
**HON. JOE D. CLAYTON,**
Respondent

Appeal from the 3rd District Court

of Henderson County, Texas (Tr.Ct.No. 2014C-0144)

ON THIS DAY came to be heard the petition for writ of mandamus filed by **TARRANT REGIONAL WATER DISTRICT, A WATER CONTROL AND IMPROVEMENT DISTRICT**, who is the relator in Cause No. 2014C-0144 pending on the docket of the 3rd Judicial District Court of Henderson County, Texas. Said petition for writ of mandamus having been filed herein on November 10, 2014, and the same having been duly considered, because it is the opinion of this Court that the writ of mandamus is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby ***conditionally granted***.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate its order of October 17, 2014, and in its stead, issue an order appointing three special

6

commissioners as required by the Texas Property Code, the writ will not issue unless the Honorable Joe D. Clayton, sitting by assignment in the 3rd Judicial District Court, fails to comply with this Court's order ***within ten days*** from the date of this order.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*