**Motion Granted; Appeal Dismissed and Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00745-CV

## CITY OF ROSENBERG, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-CCV-055144**

### O P I N I O N

The City of Rosenberg attempts to appeal the trial court's denial of its plea to the jurisdiction in this condemnation proceeding. The State filed a motion to dismiss in which it alleges this court lacks jurisdiction to consider the City's interlocutory appeal. We agree and grant the State's motion to dismiss.

The City of Rosenberg owns property the State is seeking to obtain for purposes of highway improvement. A dispute arose over whether the State's offers to purchase

the property were bona fide offers, and whether the parties were unable to agree as to the purchase price of the property. The State subsequently filed a petition for condemnation stating that it had made a bona fide offer to acquire the property, which had been rejected. The City responded to the State's petition by filing a plea in abatement and a plea to the jurisdiction, alleging that the State had not met the prerequisite to filing suit of making a bona fide offer for the property. The trial court denied the City's plea to the jurisdiction, and the City filed this interlocutory appeal.

Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows an appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2015). The Supreme Court of Texas has held, however, that not every plea to the jurisdiction can be appealed pursuant to section 51.014(a)(8). *Texas Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004); *University of Texas Southwestern Medical Center v. Loutzenhiser*, 140 S.W.3d 351, 365–66 (Tex. 2004). We must look to the substance of the issue raised in the plea to determine if an interlocutory appeal is permitted. *Simons*, 140 S.W.3d at 349. The reference in section 51.014(a)(8) to "plea to the jurisdiction" is not to a particular procedural vehicle but to the substance of the issue raised. *Simons*, 140 S.W.3d at 349. Thus, an interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional. *Id*.

If an entity with eminent domain authority, such as the State of Texas in this case, wants to acquire real property for public use, but is unable to agree with the owner of the property on the amount of damages, the entity may initiate a condemnation proceeding by filing a petition in the proper court that (1) describes the property to be condemned, (2) states with specificity the public use for which the entity intends to acquire the property, (3) states the name of the owner of the property if the owner is

known, (4) states that the entity and the property owner are unable to agree on the damages, (5) if applicable, states that the entity provided the property owner with the landowner's bill of rights statement in accordance with Property Code section 21.0112, and (6) states that the entity made a bona fide offer to acquire the property from the property owner voluntarily as provided by Property Code section 21.0113. *See* Tex. Prop. Code Ann. § 21.012 (West 2014). In 2004, the Supreme Court of Texas concluded that section 21.012's requirements are not jurisdictional. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 183 (Tex. 2004); *State v. PR Investments & Specialty Retailers, Inc.*, 180 S.W.3d 654, 665 (Tex. App.—Houston [14th Dist.] 2005), *aff'd*, 251 S.W.3d 472 (Tex. 2008). But, when the high court decided this case, section 21.012 did not contain any reference to the requirement of a bona fide offer to acquire the property from the property owner. *See Hubenak*, 141 S.W.3d at 176.

In *Hubenak*, the high court held that the provisions in Texas Property Code section 21.012 permitting a condemning authority to begin condemnation proceedings if it is unable to agree with the owner of the property on the amount of damages and requiring a condemnation petition to contain a statement that it has been unable to agree are not jurisdictional. *Hubenak*, 141 S.W.3d at 174–75. The City argues that since *Hubenak* was decided, the Legislature amended the Property Code adding section 21.0113, which requires an entity with eminent-domain authority that desires to acquire real property for a public use to make a bona fide offer to the property owner. Tex. Prop. Code Ann. § 21.0113(a) (West 2014). The City argues that because section 21.0113 makes a bona fide offer a "requirement," the condemnor's failure to make a bona fide offer deprives the trial court of subject-matter jurisdiction.

The *Hubenak* court concluded that the statutory requirements in section 21.012 as of 2004 were not jurisdictional. In 2011, the Legislature added express statutory requirements that the entity make a bona fide offer to acquire the property from the property owner voluntarily and state in its petition that it had done so. *See* Tex. Prop.

3

Code Ann. §§ 21.012, 21.0113 (West 2014). The City alleges that the State did not make a bona fide offer to acquire the property from the City voluntarily as provided by Property Code section 21.0113. The *Hubenak* court did not address whether the requirement of a bona fide offer is jurisdictional, and this issue appears to be an issue of first impression in Texas jurisprudence. Nonetheless, the 2011 amendments do not appear to have undermined the *Hubenak* analysis, which we conclude should be extended to the bona-fide-offer requirement. In fact, as part of the 2011 statutory changes, the Legislature provided an abatement remedy under Property Code section 21.047 (which the City already has sought to obtain), thus showing that the defect is not jurisdictional. *See* Tex. Prop. Code Ann. § 21.047(d) (West 2014).

Texas district courts are courts of general jurisdiction for which the presumption is that they have subject-matter jurisdiction unless a showing can be made to the contrary. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–77 (Tex. 2000) The high court has not abrogated *Hubenak*. The statutory changes in 2011 do not abrogate *Hubenak*, and the court's holding in *Hubenak* logically should be extended to the bona-fide-offer requirement.

Because the City's plea to the jurisdiction did not raise an issue that can be jurisdictional, we do not have jurisdiction under section 51.014 of the Civil Practice and Remedies Code to review the City's interlocutory appeal. *See Simons*, 140 S.W.3d at 349.

Accordingly, we grant the State's motion and dismiss the appeal.

/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, McCally, and Donovan.

4