

# NUMBER 13-15-00423-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ELECTRIC TRANSMISSION TEXAS, LLC

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Perkes
### Memorandum Opinion by Justice Rodriguez[1]

Relator, Electric Transmission Texas, LLC ("ETT"), filed an amended petition for writ of mandamus through which it contends the trial court's jurisdiction to act is limited by the eminent domain statute. *See* TEX. PROP. CODE ANN. §§ 21.001–.103 (West, Westlaw through 2015 R.S.). Relator seeks to compel the trial court to vacate orders that

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

it has previously issued and to appoint special commissioners to the underlying condemnation proceeding.[2] We conditionally grant mandamus relief.

## I. BACKGROUND

This petition for writ of mandamus arises from an eminent domain proceeding instituted by ETT for the purpose of acquiring an easement and right of way access across a 6.420 acre of land owned by the real party in interest, Wyatt Agri Products Corporation, LLC ("Wyatt"). ETT sought the easement in order to install a double-circuit-capable electric transmission line for the purpose of transmitting and delivering electricity.

On July 29, 2015, ETT filed an "Original Petition in Condemnation" in the County Court at Law Number Six of Hidalgo County, Texas. On August 11, 2015, ETT also filed an "Order Appointing Special Commissioners" referencing the appointment of disinterested real property owners of Hidalgo County as special commissioners to hold a hearing and assess the damages occasioned by the condemnation.

On August 14, 2015, Wyatt filed its "Defendant['s] Plea in Abatement, Special Exceptions, and Original Answer." Wyatt sought abatement of the condemnation proceeding on grounds that ETT failed to make a "valid initial offer or final offer letter" in accordance with Texas Property Code sections 21.012(b)(1) and 21.0113, which require a description of the property sought to be condemned. *See id.* § 21.012(b)(1) (specifying the requirements for the petition in condemnation), § 21.0113 (requiring that the condemnor make a "bona fide" offer to acquire the property from the property owner).

---

[2] This cause arises from trial court cause number CCD-0289-F in the County Court at Law Number Six of Hidalgo County, Texas. The Honorable Albert Garcia is the respondent in this original proceeding. *See* TEX. R. APP. P. 52.2.

Wyatt further argued that ETT's offer to purchase the property failed to address the unity of use doctrine.[3] Wyatt requested an evidentiary hearing on its plea in abatement.

On August 18, 2015, the trial court issued an order setting a hearing on Wyatt's plea in abatement to be held on August 31, 2015.

On August 21, 2015, ETT filed a "Plaintiff's Plea to the Jurisdiction" in which it argued that the trial court lacked jurisdiction to hear or rule on the matters raised by Wyatt. Specifically, ETT argued that "this phase of the eminent domain proceeding is an administrative proceeding" and that the court's "jurisdiction to act is limited to that conferred by the eminent domain statute, which does not give the [c]ourt authority to rule on the matters raised by [Wyatt]." That same day, ETT also filed "Plaintiff's Motion to Request the Appointment of Special Commissioners." On August 24, 2015, Wyatt filed an "Opposed Motion for Continuance on Defendant's Plea in Abatement, Special Exception, and Original Answer" seeking a continuance of "at least 30 days" based on its counsel's trial schedule.

On August 25, 2015, the trial court set hearings on Wyatt's opposed motion for continuance and ETT's plea to the jurisdiction to be heard on August 31, 2015. That same day, ETT filed "Plaintiff's Response to Opposed Motion for Continuance on Defendant's Plea in Abatement, Special Exceptions, and Original Answer."

---

[3] Where separate but contiguous tracts of land under common ownership exist in such a physical and functional relationship that they are joined by "unity of use" by the same proprietor into a single property, the tracts will be treated as a whole in assessing damages to the remainder in the taking of a part. *See Austin v. Capitol Livestock Auction Co.*, 453 S.W.2d 461, 463 (Tex. 1970*); McKinney Indep. Sch. Dist. v. Carlisle Grace, Ltd.*, 222 S.W.3d 878, 882–83 (Tex. App.—Dallas 2007, pet. denied); *McLennan Cnty. v. Stanford*, 350 S.W.2d 208, 209 (Tex. Civ. App.—Waco 1961, no writ). Stated otherwise, the basis for an award of damages to a remainder tract is that there is unity of use and unity of ownership with that tract and the part actually taken. *Oncor Elec. Delivery Co., LLC v. Brown*, 451 S.W.3d 128, 131 (Tex. App.—Amarillo 2014, no pet.).

On August 28, 2015, the trial court set a hearing on ETT's motion to request the appointment of special commissioners to be heard on August 31, 2015.

On August 31, 2015, the trial court held a hearing on these pending matters. At the hearing, Wyatt requested a continuance of the hearing on its plea in abatement on grounds that its counsel's trial schedule was busy and one of its witnesses was not available to testify that day regarding the abatement issues. Counsel for both parties presented arguments on abatement and jurisdiction. At the conclusion of the hearing, the trial court stated:

> There's no question in my mind that this is going to get a lot more complicated than already seems. Normally, the procedure is they submit the petition, I appoint the commissioners, they go out, they come back later on whether they're assuming objections or whatnot, and go to a hearing at that time. That's the normal procedure that's what normally been done. But I can also acknowledge the argument that the landowners are making. And that's why—it's something different than the normal procedures that we've done—that's why when the plea in abatement came in or was filed I set it for a hearing because normally we just appoint and they go on and then they come back later.
>
> But the plea in abatement is, okay, tell me why I should abate this proceeding and not appoint the commissioners as I was getting ready to do so. And so that is what we're going to be arguing. Now, before we get to that there's a motion for continuance, which I was—I'm going to grant. I'm going to go ahead and grant the continuance briefly, not too long because I want to get this as quickly as possible. If we need to get the commissioners appointed, get them appointed, get the process going whatever the case may be. So, I'm not sure how quickly we can get this done or come back.

Counsel for ETT reiterated its position that the trial court lacked jurisdiction to grant a continuance and asked the trial court if "by doing this are you ruling against our plea to the jurisdiction?" The trial court responded, "I guess so, yes. I didn't see it that way, but yes, I guess."

4

That same day, the trial court issued an "Order Granting Opposed Motion for Continuance on Defendant's Plea in Abatement, Special Exception, and Original Answer." On September 1, 2015, the trial court issued an "Order Granting Defendant's Motion for Continuance on Defendant's Plea in Abatement" which set the plea in abatement for hearing on October 2, 2015.

This original proceeding ensued. By two issues, ETT contends: (1) a condemnation proceeding is not within the general jurisdiction of the trial court, the trial court's jurisdiction to act is limited to that conferred by the eminent domain statute, and the trial court's actions in entering orders prior to the trial court's judicial jurisdiction being invoked constitutes an abuse of discretion; and (2) the trial court's failure to sign the order appointing special commissioners constitutes an abuse of discretion because the trial court is statutorily required to appoint special commissioners to the eminent domain proceeding after a petition in condemnation is filed. This Court requested a response to the petition for writ of mandamus from Wyatt or any others whose interest would be directly affected by the relief sought. *See* TEX. R. APP. P. 52.2. Wyatt filed a response to the petition for writ of mandamus, ETT filed a reply to Wyatt's response, and Wyatt further filed a supplemental response.[4]

## II. STANDARD OF REVIEW

To be entitled to mandamus relief, a relator must demonstrate that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Reece*, 341 S.W.3d 360,

---

[4] ETT has filed a motion to strike Wyatt's supplemental response to the petition for writ of mandamus, or in the alternative, a motion for leave to file a sur-reply to the supplemental response. Given our disposition of this original proceeding, we dismiss ETT's motion as moot.

5

364 (Tex. 2011) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

A relator who seeks mandamus relief must demonstrate a "clear right" to the action it seeks. *See Tilton v. Marshall*, 925 S.W.2d 672, 682–83 (Tex. 1996) (orig. proceeding); *In re Minter Elec. Co., Inc.*, 277 S.W.3d 540, 542 (Tex. App.—Dallas 2009, orig. proceeding). A writ of mandamus may issue when the facts and circumstances dictate only one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *See Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding*); In re Helix Energy Solutions Group, Inc.*, 440 S.W.3d 167, 173 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding); *In re Amos*, 397 S.W.3d 309, 312 (Tex. App.—Dallas 2013, orig. proceeding). We may not resolve disputed fact issues in an original proceeding. *In re Woodfill*, No. 14-0667, 2015 WL 4498229, at *3 (Tex. July 24, 2015) (orig. proceeding); *In re Angelini*, 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding); *In re Cercone*, 323 S.W.3d 293, 295 (Tex. App.—Dallas 2010, orig. proceeding).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by the analysis of principles rather than the

6

application of simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). We evaluate the benefits and detriments of mandamus review and consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

The Texas Supreme Court has explained that a trial court abuses its discretion in entering an order beyond its jurisdiction, and mandamus is appropriate to review such a void order. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (citations omitted). Thus, a petition for writ of mandamus is an appropriate vehicle to review a trial court's order refusing or delaying the appointment of special commissioners in a condemnation proceeding because such orders exceed the jurisdiction of the court. *See In re Tarrant Reg'l Water Dist.*, No. 12-14-00329-CV, 2015 WL 545783, at *1 (Tex. App.—Tyler Feb. 11, 2015, orig. proceeding [pet. filed]); *In re ETC Katy Pipeline, Ltd.*, 276 S.W.3d 562, 563 (Tex. App.—Waco 2008, orig. proceeding) (op. denying reh'g); *see also Gulf Energy Pipeline Co. v. Garcia*, 884 S.W.2d 821, 824 (Tex. App.—San Antonio 1994, no writ) (holding that the property code "provides condemnors a substantial right to an expedited hearing and possession of the easement immediately after the commissioners file their findings" and the "failure to issue mandamus would vitiate and render illusory the right to a rapid, inexpensive alternative to traditional litigation").

### III. EMINENT DOMAIN

"The eminent domain statute is designed to provide a speedy and fair assessment of damages." *Gulf Energy Pipeline Co.*, 884 S.W.2d at 823; *see In re State*, 325 S.W.3d 848, 850 (Tex. App.—Austin 2010, orig. proceeding); *In re State*, 85 S.W.3d 871, 876

(Tex. App.—Tyler 2002, orig. proceeding) (op. on reh'g). The statutory condemnation scheme is a two part procedure involving first an administrative proceeding and then, if necessary, a judicial proceeding. *See* TEX. PROP. CODE ANN. §§ 21.001–.103; *Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241 (Tex. 1984); *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at \*1; *City of McKinney v. Eldorado Park, Ltd.*, 206 S.W.3d 185, 191 (Tex. App.—Eastland 2006, pet. denied); *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 295 (Tex. App.—Fort Worth 2004, pet. denied); *In re State*, 85 S.W.3d at 874.

If the condemnor and condemnee cannot agree on the value of the condemned property, the condemnor must file a petition in condemnation in either the district court or county court at law. TEX. PROP. CODE ANN. § 21.012. The petition must: (1) describe the property to be condemned; (2) state with specificity the public use for which the entity intends to acquire the property; (3) state the name of the owner of the property if the owner is known; (4) state that the entity and the property owner are unable to agree on the damages; (5) if applicable, state that the entity provided the property owner with the landowner's bill of rights statement in accordance with Section 21.0112; and (6) state that the entity made a bona fide offer to acquire the property from the property owner voluntarily as provided by Section 21.0113. *See id.* These statutory requirements are not jurisdictional. *See Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d 172, 183–84 (Tex. 2004) (construing a former version of this section); *City of Rosenberg v. State*, No. 14-15-00745-CV, 2015 WL 5935819, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 13, 2015, no. pet. h.) (concluding that the current version of this section, including the "bona fide offer" requirement, is not jurisdictional).

8

The trial court "shall" then appoint "three disinterested real property owners who reside in the county as special commissioners to assess the damages of the owner of the property being condemned." TEX. PROP. CODE ANN. § 21.014(a). In appointing the special commissioners, the trial court "shall give preference to persons agreed on by the parties." *Id.* The statute gives the parties a reasonable opportunity to strike one of the special commissioners appointed by the trial court, and provides that if a person fails to serve or is struck, the trial court appoints a replacement. *See id.*

The special commissioners swear to assess damages "fairly, impartially, and according to the law." *Id.* § 21.014(b). The special commissioners will "promptly" schedule a hearing "at the earliest practical time" but not before the twentieth day after their appointment. *Id.* § 21.015(a). The special commissioners may compel the attendance of witnesses and the production of testimony, administer oaths, and punish for contempt in the same manner as a county judge. *Id.* § 21.014. The special commissioners then enter findings, determine the damages due the property owner, and file an award which, in their opinion, reflects the value of the sought after land. *See City of Austin v. Whittington*, 384 S.W.3d 766, 773 (Tex. 2012); *Pinnacle Gas Treating, Inc. v. Read*, 160 S.W.3d 564, 566 (Tex. 2005); *City of McKinney*, 206 S.W.3d at 192; *Metro. Transit Auth. v. Graham*, 105 S.W.3d 754, 757 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

A party who is dissatisfied with the commissioners' award may file an objection to the commissioners' findings in the trial court. TEX. PROP. CODE ANN. § 21.018(a); *see Seals*, 145 S.W.3d at 295. If an objection is filed, "the court shall cite the adverse party and try the case in the same manner as other civil causes." TEX. PROP. CODE ANN.

§ 21.018(b). Service of citation triggers the condemnor's legal obligation to proceed to trial and prove its right to condemn the property. *Denton Cnty. v. Brammer*, 361 S.W.2d 198, 200 (Tex. 1962); *Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 865–66 (Tex. App.—Dallas 2012, pet. denied). Once objections are filed and citation is served, the special commissioners' award is vacated and may not be reinstated. *Amason*, 682 S.W.2d at 242; *Collin Cnty.*, 365 S.W.3d at 865–66; *see also State v. Carlton*, 901 S.W.2d 736, 739 (Tex. App.—Austin 1995, no pet.).

From the time the condemnor files the original statement seeking condemnation up to the time of the special commissioners' award, the proceeding is administrative in nature. *Amason*, 682 S.W.2d at 242; *City of McKinney*, 206 S.W.3d at 192; *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *1. "The administrative phase is completely separate from any judicial proceeding that may later take place, and the Texas Property Code says nothing about giving a trial court power to oversee this initial phase." *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *2; *see In re State*, 85 S.W.3d at 874.

During the administrative phase, the trial court's jurisdiction is limited to appointing the commissioners, receiving their opinion as to value, and rendering judgment based upon the commissioners' award. *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *2; *In re State*, 325 S.W.3d at 851. This is so because a "condemnation proceeding is not within the general jurisdiction of the court," and any power of the court to act is special and depends upon the eminent domain statute. *Pearson v. State*, 315 S.W.2d 935, 937 (Tex. 1958); *see In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *1; *In re Energy Transfer Fuel, LP*, 250 S.W.3d 178, 180–81 (Tex. App.—Tyler 2008, orig. proceeding). Because the trial court does not have jurisdiction in the administrative phase of a

condemnation proceeding except for what is provided in the eminent domain statute, any judgment or order made outside of the statutory authority is void. *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at \*1; *In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181; *Gulf Energy Pipeline Co.*, 884 S.W.2d at 824; *see also City of Dallas v. Highway 205 Farms, Ltd.*, No. 05-13-00951-CV, 2014 WL 3587403, at \*3 (Tex. App.—Dallas July 22, 2014, pet. filed).

The filing of an objection to the findings of the special commissioners converts the condemnation proceeding, which has been administrative thus far, into a judicial proceeding and "invest[s] the trial court with jurisdiction of the subject matter of the proceeding." *Denton Cnty.*, 361 S.W.2d at 200; *see In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at \*2; *see also In re State*, 85 S.W.3d at 874. "Once a condemnation proceeding is transformed to a civil case by the timely filing of objections to the award of commissioners, the court upon which jurisdiction is bestowed, has full judicial jurisdiction at its disposal." *State v. Blackstock*, 879 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1994, writ denied). However, without a timely filed objection to the commissioners' award, a condemnation proceeding never becomes a civil case and the trial court does not gain subject matter jurisdiction. *See, e.g., Brammer*, 361 S.W.2d at 200; *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at \*2; *In re State*, 85 S.W.3d at 874.

### IV. WAIVER

As an initial matter, we address Wyatt's argument that ETT waived its right to review of the trial court's failure to rule on its motion to appoint special commissioners because it did not obtain a ruling on its motion. Wyatt asserts that the "record on mandamus is devoid of any evidence that the trial court made any ruling upon ETT's

11

Motion to Appoint Special Commissioners [or] that the Court refused to rule upon said motion." According to Wyatt, the "trial court merely continued the proceedings so that Wyatt could bring its witnesses and put on evidence at a hearing so the trial court could determine whether ETT made a bona fide offer." Wyatt asserts that the trial court's continuance order does not constitute an act refusing to appoint the commissioners. Wyatt's argument rests on a basic tenet of mandamus practice that provides that entitlement to mandamus relief requires a relator to establish a legal duty to perform a non-discretionary act, a demand for performance, and a refusal. *See In re Perritt*, 992 S.W.2d 444, 446 (Tex. 1999) (orig. proceeding); *In re Honea*, 415 S.W.3d 888, 890 (Tex. App.—Eastland 2013, orig. proceeding); *In re Cullar*, 320 S.W.3d 560, 564 (Tex. App.—Dallas 2010, orig. proceeding).

We reject Wyatt's contention. Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi 2014, orig. proceeding); *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). To obtain mandamus relief for such a refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex. App.—El Paso 2015, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). Accordingly, mandamus may issue to address the trial court's failure to rule on ETT's motion to appoint the special commissioners.

12

Moreover, mandamus may issue to compel rulings in cases where a trial court abuses its discretion in delaying a ruling on a motion that should be determined in an expedited manner. *See In re F.C. Holdings, Inc.*, 349 S.W.3d 811, 815 (Tex. App.—Tyler 2011, orig. proceeding) (conditionally granting mandamus relief when a trial court deferred ruling on a motion to compel arbitration); *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 920 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (same). As stated previously, the eminent domain statute is designed to provide a speedy mechanism for the resolution of condemnation claims. *See In re State*, 325 S.W.3d at 850; *Gulf Energy Pipeline Co.*, 884 S.W.2d at 823. Accordingly, mandamus may issue to review a delay in ruling on the appointment of special commissioners in an eminent domain proceeding. *See, e.g., Gulf Energy Pipeline Co.*, 884 S.W.2d at 824 (explaining that "the Property Code implements a legislative policy designed to avoid the delays that occur in court proceedings" and "provides condemnors a substantial right to an expedited hearing").

Moreover, substantively, this case does not present a situation where the trial court has merely failed to rule on a pending motion. In this case, as will be discussed in more detail *infra*, the trial court had an absolute duty to appoint the special commissioners, but has instead held a hearing, set a hearing on Wyatt's plea in abatement, granted a continuance of the hearing on Wyatt's plea in abatement, and denied ETT's plea to the jurisdiction. At all steps of this case, ETT has informed the trial court that it lacks jurisdiction to hear the plea in abatement and has urged the court to appoint the special commissioners.

Based upon the foregoing, we reject Wyatt's assertion that ETT has failed to preserve error or has waived its argument regarding the appointment of the special

13

commissioners. Accordingly, we proceed to address the merits of this original proceeding.

## V. ANALYSIS

ETT contends that the trial court does not have jurisdiction to hear or rule on the matters raised by Wyatt in its plea in abatement because the trial court's jurisdiction to act is limited to that conferred by statute. ETT further specifically contends that the trial court's failure to appoint the three special commissioners constitutes an abuse of discretion and the trial court's orders issued to date are void. In contrast, Wyatt argues that this Court should deny mandamus relief because ETT has not met the requirements for such relief and the eminent domain statute grants the trial court the discretion to consider its plea in abatement.

Wyatt first asserts that ETT is not entitled to mandamus relief because it cannot show a "clear right" to the appointment of the special commissioners or otherwise establish that the trial court abused its discretion. Wyatt misconstrues the statutory delegation of authority in eminent domain proceedings.

Once a petition in condemnation has been filed, the trial court "shall" appoint the special commissioners. TEX. PROP. CODE ANN. § 21.014(a). Stated otherwise, it is the "absolute duty" of the trial court "to appoint a special commission once a petition for condemnation has been filed." *Peak Pipeline Corp. v. Norton*, 629 S.W.2d 185, 186 (Tex. App.—Tyler 1982, no writ). "The eminent domain jurisdiction of the trial court is appellate, as distinguished from original or concurrent." *State v. Nelson*, 334 S.W.2d 788, 791 (Tex. 1960); *see City of McKinney*, 206 S.W.3d at 192. "Thus, the parties may not avoid an

14

initial administrative hearing before the special commissioners even if they wish to do so." *State*, 334 S.W.2d at 791; *see City of McKinney*, 206 S.W.3d at 192.

"Due to the absence of statutory authority for judicial oversight, a trial court may not become involved in the administrative phase of the proceeding." *In re State*, 65 S.W.3d 383, 386 (Tex. App.—Tyler 2002, no pet.); *see Gulf Energy Pipeline Co.*, 884 S.W.2d at 823; *Peak Pipeline Corp.*, 629 S.W.2d at 186; *State v. Garland*, 963 S.W.2d 95, 100 (Tex. App.—Austin, pet. denied). "Appellate courts have consistently held that trial courts have no authority to grant continuances, abate, enjoin, set, or otherwise interfere with the commissioners' hearings." *In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *2 n.2; *see In re State*, 325 S.W.3d at 851; *Gulf Energy Pipeline Co.*, 884 S.W.2d at 823; *City of Carrollton v. OHBA Corp.*, 809 S.W.2d 587, 588–89 (Tex. App.—Dallas 1991, no writ); *Peak Pipeline Corp.,* 629 S.W.2d at 187; *see also City of Dallas*, 2014 WL 3587403, at *2. "It is well settled in Texas that a court is not to enjoin or otherwise hinder or delay the special commissioners from proceeding with the condemnation inquiry." *Peak Pipeline Corp.*, 629 S.W.2d at 186.

We conclude that the trial court abused its discretion in failing to appoint the special commissioners and in scheduling a hearing on Wyatt's plea in abatement. *See In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *2 n.2 (concluding that the trial court abused its discretion in refusing to appoint special commissioners); *Peak Pipeline Corp.*, 629 S.W.2d at 187 (holding that the trial court abused its discretion in granting a plea in abatement and dismissing the suit instead of appointing special commissioners); *see also In re Energy Transfer Fuel, LP*, 250 S.W.3d at 181 (concluding that the trial court abused its discretion in entering a judgment containing provisions that were not in the

15

commissioners' award in the absence of objections to the commissioners' award); *In re State*, 65 S.W.3d at 385 (concluding that the trial court abused its discretion in ordering the condemnor to provide discovery and in appointing counsel for the special commissioners); *Gulf Energy Pipeline Co.*, 884 S.W.2d at 823 (concluding that the trial court abused its discretion in resetting the commissioners' hearing and granting a continuance of the hearing); *City of Carrollton*, 809 S.W.2d at 588–89 ("Because the court had only administrative jurisdiction in the condemnation proceedings, and its jurisdiction to hear a civil suit had not been properly invoked, the court was without authority to issue the injunctive and declaratory relief it granted OHBA."); *see also City of Dallas*, 2014 WL 3587403, at *2 (stating that the trial court lacked jurisdiction to dismiss the condemnation proceeding during the administrative phase).

Wyatt also asserts that mandamus relief is improper because it has raised disputed factual issues regarding whether ETT made a bona fide offer to acquire the property voluntarily. *See* TEX. PROP. CODE ANN. § 21.0113 (requiring the condemnor to make a bona fide offer to acquire the property and specifying the requirements for the offer). According to Wyatt, section 21.0113 creates a condition precedent within the administrative process of the condemnation proceedings that the trial court has the authority to control under section 21.047(d). However, as stated previously, the trial court may not delay appointing special commissioners. *See In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *2 n.2; *Peak Pipeline Corp.*, 629 S.W.2d at 187. Further, the requirements of section 21.0113 are not jurisdictional prerequisites for the appointment of special commissioners. *See Hubenak*, 141 S.W.3d at 183–84; *City of Rosenberg*, 2015 WL 5935819, at *2.

16

In this regard, however, Wyatt contends that Texas Property Code Section 21.047(d) provides the trial court with jurisdiction and discretion to order a continuance of the condemnation proceeding. Wyatt argues that section 27.047 was amended in 2011 to include subsection (d), and previous case law does not consider this section.[5] This section governs the assessment of costs and fees in an eminent domain proceeding, and provides:

> If a court hearing a suit under this chapter determines that a condemnor did not make a bona fide offer to acquire the property from the property owner voluntarily as required by Section 21.0113, the court shall abate the suit, order the condemnor to make a bona fide offer, and order the condemnor to pay: (1) all costs as provided by Subsection (a); and (2) any reasonable attorney's fees and other professional fees incurred by the property owner that are directly related to the violation.

TEX. PROP. CODE ANN. § 21.047.

Wyatt offers no authority in support of its argument that this section vests the trial court with the jurisdiction and discretion to address the requirements of section 21.012 prior to the appointment of the special commissioners during the administrative phase of the eminent domain proceedings. ETT contends that this section represents a statutory codification of the abatement that the Texas Supreme Court allowed in *Hubenak v. San Jacinto Gas Transmission Co.*, 141 S.W.3d at 184. In that case, the landowner objected

---

[5] Statutory construction is a question of law we review de novo. *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 700–01 (Tex. 2015) (orig. proceeding). Our objective is to determine and give effect to the Legislature's intent, and "the truest manifestation of what lawmakers intended is what they enacted." *Id.* Proper construction requires reading the statute as a whole rather than interpreting provisions in isolation. *Id.* We look to the plain meaning of the words used in the statute. *See Fireman's Fund Cnty. Mut. Ins. Co. v. Hidi*, 13 S.W.3d 767, 768–69 (Tex. 2000). We presume that every word was deliberately chosen and that excluded words were left out on purpose. *USA Waste Servs. of Houston, Inc. v. Strayhorn*, 150 S.W.3d 491, 494 (Tex. App.—Austin 2004, pet. denied). We also "presume that the Legislature intended all provisions of a statute to be effective, and that it intended a just and reasonable result." *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010). When determining legislative intent, the entire act, not isolated portions, must be considered. *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998). We may also consider the "object sought to be attained" by enacting the statute, the "circumstances under which the statute was enacted," and the "consequences of a particular construction." TEX. GOV'T CODE ANN. § 311.023 (West, Westlaw through 2015 R.S.).

that the requirement of section 21.012 that the parties are "unable to agree" as to damages had not been met. *See id.* The supreme court concluded that section 21.012's requirements were not jurisdictional and that abatement afforded a remedy for noncompliance with statutory requirements. *Id.* "Trial courts can, however, resolve [such] issues through other procedural vehicles, as they resolve many threshold pre-trial matters, including ruling on a plea in abatement." *Id.* at 184–85.

In so holding, the supreme court clearly contemplated that such an abatement would occur after the special commissioners have made an award and litigation in the trial court has begun:

> As discussed earlier, the purpose of the statute is "to forestall litigation and to prevent needless appeals." An inquiry into the subjective "good faith" of a condemnor's offer would be antithetical to this purpose. First, independent commissioners will have reached a determination of damages before the landowner may even raise the "unable to agree" objection. If the landowner accepts the commissioners' assessment, the matter is at an end. It is only after the landowner has rejected any offer by the condemnor, and after independent commissioners reach a conclusion and it is clear that litigation is going to proceed, that the landowners can raise the "unable to agree" issue. Second, whether an offer by a condemning authority was made in "good faith" would, in most cases, be determined in large measure by the reasonable market value of the property sought to be condemned or the amount of inverse condemnation damages, or both. The inquiry in the trial court's condemnation proceeding—to determine the reasonable market value of the property sought to be condemned and any inverse condemnation damages—would thus be largely duplicative. The purpose of section 21.012's requirement that the parties be "unable to agree" is not to require a trial on reasonable market value before the condemnation trial may begin. The condemnation trial will determine the property's value and any damage to the remainder. No purpose would be served by delaying that determination to first decide whether the condemning authority's offer was so low and made under such circumstances that it could not have been made in "good faith." At the end of the day, the result would be the same if two trials rather than just one were held. The landowner will receive no more and no less than the amount awarded as a result of the condemnation proceedings, even if the condemnor's pre-suit offer was not made in "good faith." It is not necessary to have two trials to reach the ultimate and only

18

determination contemplated by the statute, which is a determination of the value of the property condemned.

*Id.* at 186–87.

In terms of the 2011 amendments adding section (d), we presume lawmakers enact statutes with complete knowledge of existing law. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009); *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). Under the law, eminent domain proceedings consist of an administrative proceeding, and if necessary, a judicial proceeding wherein the filing of objections from the administrative proceeding invests the trial court with jurisdiction. *See Amason*, 682 S.W.2d at 241; *Denton Cnty.*, 361 S.W.2d at 200.

Nothing in the legislative text suggests that section 21.047(d) contemplates judicial intervention before the appointment of the special commissioners. The plain language of the section makes it clear that the trial court may abate when it is "hearing a suit under this chapter," thus referring to the judicial phase of the litigation. TEX. PROP. CODE ANN. § 21.047(d). Considering the entirety of section 21.047, this section generally addresses the assessment of costs and fees depending on the amount the condemnor offered to pay before proceedings began, the amount of damages awarded by the commissioners, and if appealed, the amount of damages awarded by a court. *See id.* § 21.047(a). This section also addresses the costs of serving the property owner with notice of the condemnation proceeding and taxing a "reasonable fee for each special commissioner as part of the court costs of the proceeding." *See id.* § 21.047(b),(c). None of these matters occur prior to the appointment of the special commissioners. *See generally id.*

Further, nothing in the structure of the eminent domain statute as a whole suggests that section 21.047(d) allows judicial intervention before the appointment of the special

19

commissioners. The eminent domain statute is divided into three subchapters on jurisdiction, procedure, and damages and costs. *See id.* §§ 21.001–.103. Section 21.047 is in Subchapter of C of Chapter 21, entitled "Damages and Costs," and is specifically entitled "Assessment of Costs and Fees." The section is not located in the subsections that pertain to jurisdiction and procedure. *See generally id.*

Based on the foregoing analysis, we conclude that section 21.047(d) does not vest the trial court with jurisdiction to consider the matters raised in Wyatt's plea in abatement. Rather, the trial court's jurisdiction to act at this time is limited to appointing the special commissioners.

## VI. Conclusion

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relator has met its burden to obtain mandamus relief. *See In re Tarrant Reg'l Water Dist.*, 2015 WL 545783, at *1; *In re ETC Katy Pipeline, Ltd.*, 276 S.W.3d at 563; *see also Gulf Energy Pipeline Co.*, 884 S.W.2d at 824. The trial court's failure to appoint the special commissioners and set hearings "strikes at the heart of the legislative policy establishing the commissioners' proceeding." *See Gulf Energy Pipeline Co.*, 884 S.W.2d at 824. Mandamus and prohibition are appropriate because the trial court abused its discretion by entering void orders, and ETT has no adequate remedy by appeal or otherwise. *See id.*

We lift the stay previously imposed in this cause and we conditionally grant the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). ETT's motion for emergency relief, which was previously carried with the case in part, is dismissed as moot. We trust

20

that the trial court will promptly vacate the orders that it has previously issued in this case and issue an order appointing three special commissioners.  Our writ will issue only in the event that the trial court fails to comply.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
2nd day of November, 2015.

21